Relatrix, through mandamus, seeks to compel the respondent, Rapides Parish School Board, to provide her with employment as teacher in said parish for that portion of the 1939-40 session after March 1st, at a salary of One Hundred Twenty-Five ($125) Dollars per month, and to pay said salary.
Relatrix has taught in the public schools of Rapides Parish for twelve (12) consecutive sessions prior to that of 1939-40, the last five (5) of which were taught in the Woodworth School. At the time the facts and incidents providing the basis of this suit transpired, she enjoyed the status of permanent teacher as defined by the Teachers' Tenure Law (Act No. 58 of 1936). She resumed teaching in the Woodworth School in September, 1939, at which time she was in an advanced state of pregnancy. Due to this condition she endeavored to procure a temporary leave of absence from respondent, as will be hereinafter related, but was unsuccessful. On October 30th she ceased teaching. It was her desire and intention to resume her duties immediately after she had recuperated from the effects of the birth of her child. In keeping therewith, after the period of recuperation had passed, she advised respondent that she was physically able to teach and then tendered her services to begin on March 1st. Her request was refused. She avers:
"Your relatrix shows that her record as teacher in the Public Schools of said Parish and particularly at Woodworth, is of the highest caliber; that she was and is an efficient, competent and worthy teacher, and that there never has been preferred against her, any charges, verbal or written of wilful neglect of duty, of incompetency or dishonesty, and that she has never given any cause for complaint in the exercise of her duties as teacher."
Respondent admits that relatrix has been "an efficient, competent and worthy teacher, but that because of her pregnancy and the subsequent birth of her child she has *Page 335 
become incompetent as a teacher". Further answering, respondent denies:
"* * * that her absence was a temporary one and your respondent shows that such absence, because of its reason and cause of the resolution of the School Board hereinbefore referred to, was permanent and the said facts acting as a severance of her relationship with the School Board."
The resolution of the School Board referred to was adopted on October 5, 1939. It reads as follows:
"Be it resolved, by the Rapides Parish School Board, that all expectant mothers in the employ of this Board be, and they are hereby, required to give up permanently their positions as teachers, immediately after it is known that they are expectant mothers."
The case was tried and submitted upon an agreed statement of facts, supplemented by the testimony of one physician. There was judgment for relatrix as prayed for and respondent appealed.
There is no issue of laches in this case as has often been raised in cases of similar character arising under the Teachers' Tenure Law.
It is alleged by relatrix and admitted by respondent that on October 14, 1939, she wrote a letter to the Parish Superintendent, explaining her physical condition and therein requested a leave of absence to begin on October 30th and to end on January 26th; that the answer to this letter referred her to said resolution as being the reason why her request should not be granted; that on October 25th she again wrote the Superintendent, asking that her request for a leave of absence be placed before the School Board for action, and advising that she would not resign permanently, but, on the contrary, intended to preserve and assert her rights as a permanent teacher. She was then advised by the Superintendent that the Board would not meet until the first week in January, prior to which time her request could not be considered by it; that at said meeting in January her counsel appeared before the Board and renewed her request for a leave of absence and authority to resume teaching when she had recuperated from the anticipated childbirth; that the Board took no action on this request, which relatrix construed to be a rejection thereof.
Respondent's counsel, in brief, says:
"The simple question involved in this case is whether or not the various school boards throughout the State of Louisiana have the right to make such regulations as they deem proper for the regulations of the schools. Under the provisions of a paragraph of Section 20 of Act 100 of 1922, as amended, it is provided `Each school board is authorized to make such rules and regulations for its own government, not inconsistent with law or the regulations of the Louisiana State Board of Education, as it may deem proper.'
"There is certainly nothing inconsistent between the above provision and what is commonly called as the Teachers' Tenure Law. In the instant case the school teacher was not dischargedfor any of the reasons provided in the Teachers' Tenure Act, but on the contrary came under the provisions of the resolution of the School Board which it had a right to make."
This position is not tenable in view of the prevailing legislation dealing with the tenure of teachers. If it were sound the Teachers' Tenure Law could and would, in many cases, be easily circumvented and the laudable purposes, designed to be accomplished by it, set at naught. That statute specifically provides that a permanent teacher shall not be removed from office except upon written charges, sustained by proof, of wilful neglect of duty, incompetency or dishonesty. These causes are exclusive. Absence from duty due to pregnancy, childbirth and the recuperative period, is not named in the act as a ground for dispensing with a permanent teacher's services. Whether, by construction, such incidents could be held to supply a valid basis for dismissal is not necessary now to decide. The case as presently presented does not warrant nor justify such action on our part. It would be premature to do so.
Regardless of the cause therefor, a permanent teacher may not be discharged as such except after strict compliance with the statutory provisions on the subject. Charges against such a teacher must be written and signed, and a verdict of guilty rendered only after a hearing by the School Board, private or public, at the teacher's option. The teacher so charged must be furnished with a copy of the written charges at least fifteen (15) days in advance of the date set for the hearing. He or she has the right to appear in person or by counsel at the hearing with witnesses. None of these sacramental requirements have been complied with in the present *Page 336 
case. Until they have been complied with, relatrix's status as a permanent teacher is unaffected.
This case falls squarely within the court's holdings in State ex rel. Kundert v. Jefferson Parish School Board, 191 La. 102,184 So. 555, 557. In that case the respondent had adopted a resolution providing that a female teacher's employment would automatically terminate upon her marriage. Relatrix married and the Board dismissed her. In passing upon the effect of the resolution and the Board's right or lack of right to adopt and enforce the same, the court said:
"Marriage is not one of the statutory grounds upon which relator, `a permanent teacher,' can be removed under Act 58 of 1936, the Teachers' Tenure Law of this State.
"Besides, no written notice of any charges were given to relator. No written charges on any statutory ground were preferred against her. No hearing was had, with opportunity to her to appear through counsel and with witnesses in her behalf, as provided by Act 58 of 1936, the Teachers' Tenure Law.
"Manifestly, the resolution of the Jefferson Parish School Board dismissing relator, `a permanent teacher', was adopted without due process of law, in direct contravention of a mandatory statute of this State prescribing such process. Such resolution is, therefore, null and void and of no legal effect whatever. Necessarily, such resolution did not affect, in the least, the fixed status and tenure of relator as `a permanent teacher', nor the salary due her as such. Nor did such resolution confer upon the Jefferson Parish School Board any legal right or valid authority whatever to name and appoint a teacher in the public schools of Jefferson Parish in the place and stead of relator."
The judgment herein ordered respondent to provide relatrix employment for that part of the 1939-40 session beginning March 1, 1940, at a salary of One Hundred Twenty-Five ($125) Dollars per month, and ordered payment thereof to her. Judgment was rendered in April, prior to the expiration of said session. We are now in the midst of the 1940-41 scholastic session. It would be illogical now to order employment for a period already long past. The relatrix's right to salary as a permanent teacher for said period may only be adjudicated. The decree of the lower court will be amended to meet these views.
For the reasons herein assigned, the judgment appealed from is affirmed to the extent and insofar as it recognizes relatrix's status as permanent teacher in and for Rapides Parish and entitled to a salary of One Hundred Twenty-Five ($125) Dollars per month, beginning March 1, 1940, until the end of the 1939-40 session; and ordering respondent to pay same and costs of suit. In other respects, said judgment is reversed.