ROGERS, Justice.
 

 This is a mandamus proceeding to compel the School Board for the Parish of St. Charles to restore relatrix, a married worn an,
 
 to
 
 her position as a regular and permanent teacher in the school system of the parish at a salary of $87.50 per month, to be computed from September 2, 1940, and to continue until her reinstatement has been accomplished.
 

 The respondent school board excepted to plaintiff’s petition on the ground that it failed to disclose a cause or right of action, and then, with reservation of the exception, answered the petition setting up its defense to the demands of the relatrix. No action was taken on the exception in the district court. The case was assigned for trial on the merits, and after it was tried, the judge of the district court rendered a judgment in favor of the respondent and against the relatrix dismissing the suit with costs. Relatrix is appealing from the judgment.
 

 By appointment of the school board, relatrix began to teach in the Parish of St. Charles on the opening day of the school session in September, 1936, and thereafter taught every session up to and including that of 1938-1939, when, at her request, she was granted a leave of absence for one year. During this period, viz., on October 3, 1939, the relatrix gave birth to a daughter.
 

 Relatrix alleged that, having acquired the status of a permanent teacher under the provisions of Act 58 of 1936, on May 2, 1940, as a mere formality and according to custom, she made application to the respondent school board for re-em
 
 *479
 
 ployment as a teacher in the Hahnville High School in the elementary department for the session
 
 1940-1941,
 
 to which she did not receive a reply until August 15, 1940; that in the meantime, viz., on July 2, 1940, the respondent school board unanimously adopted the following resolution:
 

 “Be it resolved by the St. Charles Parish School Board, in regular session convened, that a leave of absence for the space of two school sessions be herein granted and imposed upon all married teachers who are to become mothers, and that a leave of absence for that period of time be granted such persons.”
 

 Relatrix alleged that on August 6, 1940, the school board met and selected the teachers for the ensuing school session of 1940-1941, and thereafter by letter dated August 15, 1940, written in answer to her application for re-employment dated May 2, 1940, she was advised by J. B. Martin, Superintendent of Schools, that as a result of the resolution of July 2, 1940, her application would not be considered until the 1941-1942 session.
 

 Relatrix alleged that she was ready and willing to teach school and offered to serve as a teacher for the session 1940-1941, and that she made repeated demands to be reinstated on the staff of teachers of the Hahnville High School; that the resolution of the school board referred to by the superintendent of schools did not affect her standing as a permanent teacher of the Parish of St. Charles under Act 58 of
 
 1936,
 
 the Teachers’ Tenure Act; that she had become a mother prior to the adoption of the resolution by the school board; that she was not then an expectant mother, and that the resolution could not have a retroactive effect. Relatrix alleged that notwithstanding her repeated demands, the respondent school board did not place her on the teaching staff of the Parish of St. Charles, and that its action amounted to her dismissal therefrom. She alleged that none of the provisions of Act 58 of 1936 was invoked or carried out in dismissing her as a teacher in the public schools, and that she was never notified officially or otherwise of her dismissal, nor was she ever charged with any statutory cause therefor. Relatrix alleged that she was entitled to be reinstated as a teacher in the public school system of St. Charles Parish at a salary of $87.50 per month, commencing September 2, 1940, until her reinstatement to her position in the public school system. The prayer of the petition was that a mandamus should be issued, directed to the school board of the Parish of St. Charles, commanding the board to grant relatrix relief in accordance with the allegations of her petition.
 

 Respondent school board in answer to the petition denied that relatrix was given a leave of absence for one year. The respondent averred that relatrix had never been dismissed as a teacher in the public schools of the parish, and she did not stand, at the time of the filing of the suit, as a dismissed teacher.
 

 The respondent school board further set up that it was within its power to pass the resolution referred to and to fix the time within which school teachers might return to duty after the birth of a child. Respondent further answered that in the elementary department of the Hahnville
 
 *480
 
 High School, prior to the séssion of 1940-41, there were fourteen teachers employed and that a survey of the department revealed that it was overstaffed to the extent of two teachers and that the work of the department could be performed by twelve instead of fourteen teachers; that in the 'adoption of its budget at a meeting held on August 6, 1940, it decided to employ only twelve teachers; that its budget was adopted and approved by the State Department of Education and the State Budget Committee of the State Educational Department, and that relatrix was one of the two teachers the board decided to relieve temporarily of their duties in . the elementary department of the Plahnville High School. Respondent averred that whenever the situation justified employment of additional teachers, it was its purpose to “delegate relator to again teach in said elementary department, which said action was taken pursuant to Section 20 of Act 100 of 1922, as amended by Act 110 of 1928, and in line with an opinion rendered by the Attorney General’s Department in the reports of the Attorney General- for the years 1938-1940, at page 1004.”. The prayer of the respondent school board was that the alternative writs of mandamus be recalled and that the suit of relatrix be dismissed at her cost.
 

 There is no issue of laches in this case and there is no dispute concerning the qualifications of relatrix to teach, nor that she had acquired the status of a permanent teacher under the provisions of Act 58 of 1936. Contrary to the allegations of defendant’s answer, it was proved on the trial of the case that relatrix had obtained a leave of absence for the session of 1939-40 for the purpose of giving birth to a child, which was born on October 3, 1939. It was also proved by competent medical testimony that relatrix was not pregnant at the time of the trial of the case and that she had not been pregnant at any time subsequent to the birth of her child.
 

 The Parish Superintendent of Schools testified, in line with the averments of respondent’s answer, that the reason relatrix was not employed by the school board was because the board reduced the number of teachers in the elementary department of the Hahnville High School from fourteen to twelve, and that relatrix was one of the two teachers placed on the deferred list for the term 1940-1941. However, this testimony is refuted by his letter of August 15, 1940, addressed to the relatrix in answer to her application for reinstatement made on May 2, 1940, reading as follows:
 

 “August 15th, 1940
 

 “Mrs. Mathilde G. Estay
 

 “Luling, Louisiana
 

 “Dear Madam:
 

 “In answer to your application of May 2nd, I beg to state that as a result of the resolution unanimously adopted by the St. Charles Parish School Board, whereby all teachers becoming mothers are granted a leave of absence for two terms, we are unable to consider your application until the session 1941-1942.
 

 “Yours truly,
 

 “(Sig.) J. B. Martin
 

 “J. B. Martin
 

 “Superintendent of Schools”
 

 
 *481
 
 And also by the letter which he wrote to Honorable John E. Fleury, district attorney, under date of September
 
 7,
 
 1940, reading as follows:
 

 “September
 
 7,
 
 1940
 

 “Hon. John E. Fleury
 

 “District Attorney
 

 “Gretna, Louisiana
 

 “Dear Judge:
 

 “In yesterday’s mail I forwarded you some matters for your consideration and advice.
 

 “Permit me to say that the Board is very desirous of making a test case in this matter, and would appreciate your attention and handling of the case as its legal advisor.
 

 “Our main contention is that they have no cause of action for the simple reason that no dismissal is mentioned or intended, and that our contention is well based on the ground that a woman in a delicate state has no business in the classroom, and that at least one year of a mother’s attention should be given her child.
 

 “With best wishes,
 

 “I am,
 

 “Yours truly,
 

 “J. B. Martin”
 

 Following this letter, viz., under date of Septembér 25, 1940, the district attorney, addressed a lengthy communication to the Parish Superintendent covering the case of' relatrix and another married teacher who had given birth to a child, in which he stated in substance that as the babies in the cases at the time were several months old, their births having taken place several months prior to the adoption of the resolution by the school board, it was his opinion that the resolution was not retroactive, and that since relatrix and the other teacher were in a position to teach and had applied to be put back on the rolls, “the school board had no other course to pursue but to grant their request.” Two days later, viz., September 27, 1940, the Parish School Superintendent addressed a letter to the district attorney acknowledging the receipt of his letter of September 25, 1940, and inviting him to attend a meeting of the school board for the purpose of giving the board legal advice concerning a proposed reorganization of the elementary department of the Hahnville Fligh School so as to reduce its teaching staff from fourteen to twelve teachers. This correspondence indicates that the so-called reorganization was .effected only after the board had been advised that their action in refusing to reinstate relatrix was illegal. Rela'trix was notified on August 15, 1940, that her application for reinstatement, made on May 2, 1940, would not be considered because of the resolution adopted in the interim, on July 2, 1940, imposing a leave of absence for two years upon all married teachers who are to become mothers. Apparently the reorganization of the elementary department of the Hahnville High School was determined upon only on September 27, 1940, when the school authorities were advised by their legal adviser that their action in refusing to reinstate relatrix was illegal.
 

 In effecting the reorganization of the teachers’ staff of the Hahnville High School, the ' school authorities replaced
 
 *482
 
 relatrix by a non-tenure teacher. Although pending her reinstatement, the relatrix expressed her willingness to act as a substitute teacher, she was not called upon to do so notwithstanding several vacancies occurred in the teaching staff of the parish schools necessitating the employment of substitute teachers.
 

 In these circumstances, the position assumed by the respondent school board that it had never dispensed with the services of relatrix is not tenable. If it were maintained, the Teachers’ Tenure Law could and would, in many cases, be-easily circumvented and the laudable purpose it was designed to accomplish would be defeated. As was pointed out by the Court of Appeal for the Second Circuit in State v. Rapides Parish School Board, 1 So.2d 334, 335, "that statute [Act 58 of 1936] specifically provides that a permanent teacher shall not be removed from office except upon written charges, sustained by proof, of wilful neglect of duty, incompetency or dishonesty. These causes are exclusive. 'Absence from duty due to pregnancy, childbirth and the recuperative period, is not named in the act as a ground for dispensing with a permanent teacher’s services.”
 

 In State ex rel. Kundert v. Jefferson Parish School Board, 191 La. 102, 184 So. 555, 557, where the school board by resolution had terminated the employment of a permanent teacher upon her marriage and had appointed another teacher in her place, this Court held that the resolution was adopted in contravention of the mandatory provisions of the Teachers’ Tenure Law. In disposing of the question, the Court said “Such resolution is, therefore, •null and void and of no legal effect whatever. Necessarily, such resolution did not affect, in the least, the fixed status and tenure of relator [relatrix] as ‘a permanent teacher’, ■ nor the salary due her as such. Nor did such resolution confer upon the Jefferson Parish School Board any legal right or valid authority whatever to name and appoint a teacher in the public schools of Jefferson Parish in the place and stead of relator [relatrix].”
 

 The opinion of the special attorney general to which respondent refers, even if it be correct, has no bearing on the question involved in this case. There is no question here of seniority which the special attorney general ruled could be disregarded in reorganizing school faculties. The question in this case is whether a permanent teacher, whose qualifications are admitted, can be. replaced by a non-tenure teacher under the pretense of reorganizing the teaching staff of the school in which she is employed. This question, as we have shown, was answered in the negative by this Court in State ex rel. Kundert v. Jefferson Parish School Board. Nor do we find any conflict between our ruling in this case and Section 20 of Act 100 of 1922, as amended and re-enacted by Act 110 of 1928.
 

 None of the mandatory provisions of the Teachers’ Tenure Law has been complied with in this case. Therefore, the status of relatrix as a permanent teacher remains unaffected and she is entitled to be reinstated to the position which she
 
 *483
 
 held at the time she applied for and obtained a leave of absence during her pregnancy and the recuperative period following the birth of her child.
 

 For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that there be judgment in favor of relatrix, Mrs. Mathilde Gassen, wife of Albert Estay, and against respondent, the School Board of the Parish of St. Charles, ordering the respondent school board to reinstate relatrix in her position as a regular and permanent teacher and employee of the respondent as of the beginning of the school term of September. 2, 1940, at a salary of $1,050, per year effective and commencing at the beginning of said school term and continuing until the reinstatement of relatrix has been accomplished, together with legal interest thereon from date of judicial demand until paid. The respondent school board is to pay all costs of this suit.