66 So.2d 350 (1953)
WATTS
v.
WINN PARISH SCHOOL BOARD.
No. 7993.
Court of Appeal of Louisiana, Second Circuit.
June 30, 1953.
Rehearing Denied July 20, 1953.
Writ of Certiorari Denied October 9, 1953.
*351 H. L. Allen, Winnfield, Tucker, Bronson & Martin and H. M. Holder, Shreveport, for appellant.
Sam L. Wells, Colfax, Harry Fuller, Winnfield, for appellee.
McINNIS, Judge.
This is a suit by Miss Jewel Watts against Winn Parish School Board to have decreed null and void resolutions of said Board adopted July 5, 1952, placing plaintiff on probation, prohibiting her from administering corporal punishment, holding the case open for further decision and transferring her to Calvin Elementary School. She also asked for judgment for $75 per month for extra expenses, for each month that she is required to teach at Calvin.
She alleges that she has been employed by defendant for fifteen years in various public schools in Winn Parish and for the last ten years as a teacher of the third grade in Winnfield Elementary School; that she served the probationary period of three years and for the past twelve years has been employed as a regular and permanent teacher; that on June 7, 1952, one Welby B. Willis, member of the Winn Parish School Board from Ward 1, preferred written charges against her, alleging that she had brutally beaten and whipped his son, James Willis, and was therefore incompetent; that at a hearing on these charges held on July 5, 1952 she appeared and presented her defense; that prior to the beginning of the hearing she excepted that the charges were insufficient, even if true, which was denied, to constitute incompetency under provisions of LSA-R.S. 17:443, but the exception was overruled; that Willis recused himself from taking part in the hearing, but after the taking of the testimony Willis sat with the other members of the Board during their deliberations in executive session, which was prejudicial to her rights.
There are other allegations of the petition charging prejudice and political pressure by her accuser, and denying that she is incompetent.
An exception of no cause or right of action was filed, tried and overruled, and answer was then filed, denying the substantial allegations of the petition.
During the trial of the case a plea of estoppel was filed, alleging:
"That plaintiff is estopped and barred from asserting, claiming and demanding any of the relief sought and prayed for by her herein, for the causes and reasons following, to-wit:
"That according to all of the testimony and evidence offered and admitted in evidence to this date, including plaintiff's own testimony, plaintiff has never been discharged as a teacher in the public schools of Winn Parish; that she has never been demoted; that she has never been given a leave of absence without pay; that she is now employed as a teacher in the public schools of Winn Parish at the same salary, with increases granted this year to all teachers, and in the same grade; that by accepting such employment, teaching the same grade, receiving the same salary (plus increase), for the past two school months, with salary for the third school month due and payable to plaintiff on Friday, November 21, 1952, she has acquiesced in the action of the defendant School Board and, accordingly, is estopped from asserting any such action, as here pending, against said School Board; that said estoppel is hereby specially urged and pleaded."
At the beginning of the trial defendant filed written objection to the introduction of any evidence on behalf of plaintiff for the following reasons:
"1) That plaintiff's petition fails to set forth, allege or otherwise disclose any right or cause of action for any relief prayed for in plaintiff's petition, and that, accordingly, defendant renews and reurges the exception of no right and no cause of action heretofore filed herein.
"2) That, as shown by plaintiff's petition, plaintiff is still in the employ of the Winn Parish School Board; that plaintiff's petition fails to show that she has ever been discharged, or suspended, *352 or placed on leave, or demoted in any respect by reason of any reduction in salary or rate of pay, or by any reduction in rank or decrease in teacher classification.
"3) That the State Teacher Tenure Law was never intended to permit, and does not permit, a permanent teacher to assert and maintain the claims which plaintiff seeks to have this Court recognize and uphold in this cause.
"4) That the actions of the Winn Parish School Board, of which plaintiff complains of in this cause, are legal, valid, and in keeping with the provisions of the State Tenure Law for Teachers in Public Schools, and are matters solely within the discretion of the defendant School Board, and not matters subject to review by the courts."
The plea of estoppel and this objection which is in the nature of an exception of no cause and no right of action were referred to the merits and the district judge in his written reasons for judgment overruled both.
The case, after trial, was submitted on briefs and after consideration, the district judge, assigning written reasons, rejected the demands of plaintiff, from which judgment plaintiff prosecutes a suspensive and devolutive appeal.
With few exceptions our finding of facts is the same as found by the district judge. "We find the facts to be:
Plaintiff has been a teacher in the elementary schools of Winn Parish for 15 years; she holds a degree; she has taught third grade in Winnfield schools for ten years; she is teaching, under protest, the same grade at Calvin, twelve miles from Winnfield, making her sixteenth year of teaching in the public schools of Winn Parish.
James Willis, eight year old son of Welby Willis, member of the School Board from Ward 1, in which Winnfield is located, was one of the pupils in the classroom of plaintiff. James was not doing satisfactory work.
On Wednesday, May 14, 1952 he failed to bring in some home work that was overdue a day or so, and in the course of questioning by plaintiff he put his hands behind his ears and clicked his tongue. Plaintiff called him to her desk and proceeded to paddle his buttocks with a small paddle that had been kept in the room for ten years, and the paddle split, whereupon plaintiff went to another room and borrowed a paddle and finished paddling James with it. This happened before noon. Plaintiff had paddled him at other times before this, and had permission of his parents to paddle him if he needed it. He continued in school the balance of the day without complaint. At the close of the school day plaintiff took James in her car to the store of the father to discuss with him the probability that James would fail to pass the third grade, and in the course of the interview, told the father that she had paddled James that morning. After the interview, plaintiff by request, started to take James home, but on the way he left the car at the recreation center, where a game of soft ball was in progress, played by boys of James" age group, and plaintiff went to her home.
James made no complaint at any time. He went with his father to a carnival that evening, and rode the Shetland ponies. The next morning his older brother discovered, as James was dressing, that his buttocks were discolored and the mother and father were called and shown his condition. The father took him to Dr. Roy V. Martin for examination. The doctor recommended that he be given hot baths, and that if he didn't get along all right to bring him back. He did not return to the doctor.
On June 7, 1952 Willis filed written charges of incompetency against plaintiff, setting forth:
"That the said Jewel Watts is incompetent;
"That she is unfit and incompetent as a school teacher, even though she has attained the status of a permanent teacher, for the following causes and reasons:
"That she, the said Jewel Watts, while serving and acting as a teacher *353 of the Third Grade in the Winnfield Elementary School of the Parish of Winn, Louisiana, on or about the 14th day of May, in the year A.D. 1952, did unlawfully, and in violation of the rules and regulations made and provided, whip, beat, bruise and ill treat one James Willis, an eight (8) year old child, in the Third Grade in said public school, and in the class room of said school teacher;
"That the whipping and beating given and administered by said school teacher was severe, excessive, cruel and inhumane, unauthorized and contrary to law; that said school teacher has admitted that after she had worn out one board or paddle on said eight year old child, she went to another room and obtained another board or paddle to continue and finish the job of whipping said child;
"That, moreover, said school teacher has admitted that she inflicted the cruel punishment on said child for alleged failure to bring up assigned home work, and not to maintain discipline in the class room;
"That after the whipping of said child, said teacher admitted to school authorities that nothing in school or at home had happened to upset her, and that she had no idea how long and about how many times she had hit and struck the child. That moreover, said teacher admitted that she had had previous warnings by letter and by word of mouth relative to whipping school children.
"That said school teacher is temperamental, high tempered and unstrung, so to say, and has whipped other children on repeated occasions, and this severely without or upon the least provocation.
"That to further show said teacher's unfitness and incompetency, she has stated that if she couldn't defeat this complaint and these charges in any other way, she proposed to dig up a lot of stuff against the character of the father of the child which she had whipped.
"That said school teacher has taken the position that the whipping and mistreatment of school pupils in her class room do not constitute grounds for her discharge or removal, since she has attained the status of a permanent teacher, and that there is nothing that can be done by her conduct; that begging on the part of school children does not cause the teacher to stop whipping them, and that all children are glad to get out of her room; that parents of school children are apprehensive when their children are promoted from the Second to the Third Grade, for the fear that their children may be then assigned to said teacher."
A hearing on these charges was set for 9:00 o'clock a. m. July 5, 1952 and plaintiff was given notice, and she appeared with her attorney and requested that the hearing be public. Willis was present, represented by his attorney, and at his request was recused from taking part in the hearing. At the close of the hearing of testimony and argument of the attorneys the Board went into executive session and returned later and adopted the following resolutions:
"Whereas this Board cannot condone the type of punishment that the evidence submitted shows has been inflicted on a student of the Westside Elementary School of Winnfield by the name of James Willis,
"Therefore Be It Resolved that the said teacher, Miss Jewel Watts, be placed on probation for an indefinite time and further that she be prohibited from using corporal punishment of any type whatsoever on any student, and further directs that the charges presented shall be held in abeyance at the discretion of the Board and dependent upon the future conduct of the said teacher.
"Vote was taken upon the above resolution and adopted unanimously.
"On motion of Mr. Martin, seconded by Mr. McCartney, the Board directed that Miss Jewel Watts be transferred to the Calvin School.

*354 "Vote was taken on the above resolution and adopted unanimously."
While the Board was in executive session Mr. Willis was sent for, and he went into the meeting. The testimony is to the effect that the action of the Board had already been agreed upon before he was called into the room where the executive session was held, and that he was told what had been decided, and asked if the action was satisfactory to him.
It appears that any action of the Board transferring plaintiff out of Ward 1 would have been satisfactory to him. He was asked on cross-examination:
"Q. Did you make the statement to a number of people before this hearing came up that if Miss Watts was transferred out of Ward 1 it would be agreeable to you? A. I told Mr. Terry, (Superintendent of Schools), right in the beginning that "if Miss Watts agreed to transfer out of Ward 1 School there wouldn't be any charges filed against her whatsoever".
"Q. Is it not a fact, Mr. Willis, you did not then and do not now want her to teach in the schools of Ward 1? A. That is right."
Plaintiff owns a home in Winnfield where she lives with her mother. Several other teachers in the Calvin school live in Winnfield, and have a car pool, so they may go and return in one car. Plaintiff's mother is in ill health, and for this reason she is not able to take full advantage of this car pool, for fear of an emergency call to return to her home.
Several children, witnesses to the paddling of James testified, from which it appears that all but one child in plaintiff's room had been paddled at different times during the school year, and that the paddling of James on May 14, 1952 was maybe a little harder than others she had administered to him.
From the foregoing it will be seen that the Board did not find plaintiff guilty of "wilful neglect of duty, or of incompetency, or dishonesty", but only said in its resolution that it "cannot condone the type of punishment that the evidence shows was inflicted on James Willis".
Paragraph 2 of LSA-R.S. 17:443, so far as pertinent here reads as follows:
"If a permanent teacher is found guilty by a school board, after due and legal hearing as provided herein, on charges of wilful neglect of duty, or of incompetency, of [or] dishonesty, and ordered removed from office, or disciplined by the board, the teacher may, not more than one year from the date of the said finding, petition a court of competent jurisdiction for a full hearing to review the action of the school board, and the court shall have jurisdiction to affirm or reverse the action of the school board in the matter. * * *"
From reading the entire section it appears that before a school board may either remove a teacher from office or discipline him, he must first be found guilty of one of the three things set forth in the statute. We do not believe that failing to "condone" something a teacher has done is equivalent to finding him guilty, nor do we believe that an isolated case of punishment of a pupil constitutes incompetency.
The charges filed against plaintiff set up, among other things, that she "* * * did unlawfully, and in violation of the rules and regulations made and provided, whip, beat, bruise and ill treat, one James Willis, an eight year old child * * *."
The record fails to disclose any such "rules and regulations". In fact the record discloses that there existed no resolution of the Winn Parish School Board prohibiting teachers from administering reasonable corporal punishment. So far as the record discloses, there was no regulation at all on the subject.
The district judge says in his reasons for judgment that the question of whether a teacher may administer corporal punishment is open, but the case had not been made out to declare plaintiff incompetent. He also found that no bias or prejudice on the part of the Board toward plaintiff was shown.
*355 We agree that the question of whether or not a teacher may administer corporal punishment is an open one. We have been furnished no substantial authority on the subject, and have found none. The decision we have reached renders it unnecessary to pronounce on the subject here.
The lengthy well written briefs of both counsel have been read with interest, and we express our appreciation for them. To undertake a discussion of the many authorities cited and matters discussed would unduly lengthen this opinion, and, in view of the conclusion we have reached, would serve no useful purpose.
The exceptions, objections and the plea of estoppel are mentioned in defendant's briefs, but apparently are not seriously urged here. They were overruled in the lower court, and we agree with its ruling on these matters.
No witness in this case testified that plaintiff is incompetent. To the contrary the record is replete with testimony that she is competent. We do not have the testimony that was taken at the hearing before the Board, but inasmuch as she was not found guilty of incompetence then, we take it that the evidence taken on that hearing as to competency was favorable to plaintiff.
The Board having failed to find plaintiff guilty, we conclude that it had no authority, under the provisions of the teacher tenure law quoted supra, to either remove her or discipline her or punish her, and a mere reading of the resolution compels the conclusion that the Board was undertaking disciplinary action against her. Certainly it had no authority to place her again on probation after she had long been a permanent teacher, and we believe it had no authority to place the other restrictions, not applicable to any other teacher, on this plaintiff.
The demand for a money judgment is not made out, and the decree rejecting this demand is correct.
It follows from what is said above that the judgment appealed from in so far as it rejects plaintiff's demand for a money judgment is affirmed. In so far as it rejects her demand to have the resolutions of the Board annulled and set aside, the judgment is reversed, and it is now ordered, adjudged and decreed that plaintiff, Miss Jewel Watts, have judgment against defendant Winn Parish School Board decreeing the resolutions of said Board, adopted July 5, 1952, to be null, void and of no force and effect, and ordering that plaintiff be reinstated in her former position as a teacher in the Third Grade in the Winnfield Elementary School. Defendant-appellee to pay such costs as may be legally assessed against it.