103 So.2d 560 (1958)
Jesse J. VERRET
v.
CALCASIEU PARISH SCHOOL BOARD.
No. 4627.
Court of Appeal of Louisiana, First Circuit.
May 26, 1958.
Rehearing Denied June 30, 1958.
Nathan A. Cormie, Lake Charles, for appellant.
Fred C. Selby, James A. Smith, Lake Charles, for appellee.
LOTTINGER, Judge.
This is an action instituted by Jesse J. Verret against the Calcasieu Parish School Board in which plaintiff seeks a judgment (1) decreeing null and void a resolution adopted by defendant on April 6, 1954 removing petitioner from his office as Principal of LaGrange High School and demoting him to the position of Principal of LaGrange Junior High School; *561 (2) recognizing plaintiff's rights as a permanent teacher under the Louisiana Teachers' Tenure Act and (3) ordering and commanding defendant to reinstate petitioner to his office and position as principal of a high school and particularly as Principal of LaGrange Senior High School, said reinstatement to be retroactive to the date of his removal.
The facts as alleged in the petition are that plaintiff has held a Teacher's Certificate issued to him by the Louisiana Department of Education and has been employed by defendant continuously since the year 1931. From July, 1937 until his contract expired in June, 1954 he was employed and served as Principal of the LaGrange High School, which school immediately prior to the last mentioned date was the largest high school in Calcasieu Parish. During the year 1954 the school board abolished what had theretofore been known as the LaGrange High School and created in its stead two separate schools or institutions, one of which had been designated as LaGrange Senior High School and the other as LaGrange Junior High School. The senior classes of the school formerly known as LaGrange High School were transferred to the newly acquired LaGrange Senior High School and the lower grades of the original high school were transferred to or incorporated into the newly graded LaGrange Junior High School. The office of Principal of LaGrange High School was abolished and in lieu thereof defendant created the two offices of Principal of LaGrange Senior High School and Principal of LaGrange Junior High School.
On April 6, 1954 defendant officially removed plaintiff from his office as Principal of the school formerly designated as LaGrange High School and appointed him as Principal of LaGrange Junior High School. No charges of neglect of duty, incompetency or dishonesty were filed against plaintiff and no hearing as provided in LSA-R.S. 17:443 was held by the school board before this action was taken.
On May 4, 1954 plaintiff appeared before defendant's School Board and requested that the action taken by it on April 6, 1954 be rescinded and that it continue him in office as Principal of a high school, LaGrange High School, or as the School Board choose to call the senior classes taken from LaGrange High School by the school name of LaGrange Senior High School, then that he be recognized as Principal of that group under the new name. This request was refused by the School Board. Petitioner then entered into a contract with defendant on May 4, 1954 under the terms of which he was employed as Principal of LaGrange Junior High School for the 1954-55 school session but the contract was executed by plaintiff under protest.
Petitioner further alleges in his petition under Article 13 thereof that "In truth and in fact the Calcasieu Parish School Board through the subterfuge of abolishment of the office of Principal of LaGrange High School, removed petitioner from office in violation of the Louisiana [LSA] Revised Statutes of 1950, Title 17, Sections 441-444, all of which act of demoting petitioner to the position of principal of a junior high school has reduced his rank, position, status and prestige, in violation of his rights as a permanent teacher under the Teachers' Tenure Act of this state, and all without due proceedings and justifiable cause under said Act."
To this petition defendant filed an exception of no cause or right of action which was sustained by the Lower Court and on appeal by plaintiff to this Court the judgment of the Lower Court was reversed on said exception and the case remanded to be tried on the merits.
The defendant then filed its answer admitting that the plaintiff was a permanent teacher of the Parish and further admitting the fact that the plaintiff had been the Principal of LaGrange High School for a number of years, and, by further *562 answering, defendant alleged that due to the influx of the many people who had moved into the school district where LaGrange High School was located the Calcasieu Parish School Board had to construct many new schools in order to take care of the increased school employment and that as a result of same defendant constructed a new school approximately one mile east of the school of which Mr. Verret was Principal and transferred to the new school those students in the tenth, eleventh and twelfth grades; that defendant continued the students in the seventh, eighth and ninth grades in the old location. The new school was named LaGrange Senior High School and the name of the former school was changed to LaGrange Junior High School; that LaGrange Senior High School was a new school and defendant had to obtain a recognition from the Southern Association of Accredited Schools before the LaGrange Senior High School could be credited as a school, and that, furthermore, it had the authority to build new schools under the law and had the authority to appoint the personnel as well as a Principal to the new LaGrange Senior High School, and that as a result of same, its action was not in violation of the Tenure Act as hereinabove cited.
After trial on the merits the Lower Court rendered judgment in favor of the defendant, Calcasieu Parish School Board, and rejected the demands of the said plaintiff. Plaintiff has now appealed to this Court.
The evidence establishes that plaintiff, Jesse J. Verret, has been employed by the Calcasieu Parish School Board since 1931, and that he is a permanent teacher as defined in the Teachers' Tenure Act (LSA-R.S. 17:441-444). He served as Principal of the Starks High School from 1934 to 1937, and as Principal of the LaGrange High School from 1937 to 1954. He has been serving as Principal of the LaGrange Junior High School since 1954.
When plaintiff first became Principal of LaGrange High School in 1937 eleven grades were being taught in that institution, and it was the only white school in School District No. 22 of Calcasieu Parish. In 1942, however, the School Board began building additional schools in that area to take care of the rapidly increasing number of students and since that time eleven additional schools have been built and established in that district. As each of these new schools was opened some students, and in a few instances entire classes, were transferred from LaGrange High School to the new school. Also, between 1942 and 1953 the number of grades required for completing a high school education in Louisiana was increased from eleven to twelve. Because of the transfer of these students or classes to the new schools, the number of grades being taught in LaGrange High School was reduced so that during the 1953-54 school session only the seventh through the twelfth grades were being taught there. Plaintiff remained as Principal of LaGrange High School during this entire period.
In 1954 the Calcasieu Parish School Board completed the construction of another new school building in District 22, located about one mile east of LaGrange High School. The school established in this new building began operating during the 1954-55 school session. At a meeting of the School Board held on April 6, 1954, this school was formally named the "LaGrange Senior High School," and John J. Mims was appointed as its Principal. Only the tenth, eleventh and twelfth grades were taught in this school, and all of the students in those three grades who formerly attended or would have attended the old LaGrange High School were transferred to this new institution. Some additional students from School District No. 29, who had never attended LaGrange High School, also were transferred to the new school.
The minutes of the meeting of the School Board held on April 6, 1954 also reflect that the following action was taken by that body, to become effective with the 1954-55 school session:

*563 "It was moved by Mr. Brown, seconded by Mr. Spates, and carried that the present LaGrange school located on Ryan Street, formerly South Street, be designated as LaGrange Junior High School and that Mr. J. J. Verret be continued as principal of that school."
Since September, 1954, therefore, the school conducted on the campus or premises formerly occupied by LaGrange High School has been designated as the "LaGrange Junior High School," and from and after that time only the seventh, eighth and ninth grades have been taught in this institution.
On May 4, 1954 plaintiff appeared before the School Board, protested the action of that body in appointing him as principal of the junior high school, and demanded that he be appointed as Principal of LaGrange Senior High School. The School Board, however, failed or refused to comply with his demands. Plaintiff then entered into a written contract with the School Board, agreeing to serve as Principal of the LaGrange Junior High School during the 1954-55 school session, at the same salary which he had been receiving, and with no additional duties or obligations. At the time this contract was signed, however, plaintiff noted in writing on the face of that document that he was signing it under protest, and he listed the grounds upon which this protest was based. This suit was then instituted on March 24, 1955, more than 10 months after the contract was signed.
No charges of any kind were preferred against plaintiff and no hearing was held under the provisions of LSA-R.S. 17:443 prior to or at the time he was appointed as principal of the junior high school.
Plaintiff contends primarily that the school now designated as "LaGrange Senior High School" actually is the same institution as that formerly known as "LaGrange High School", and that the failure or refusal of the School Board to appoint him as principal of this senior high school constitutes a "removal" from office, contrary to the provisions of the Teachers' Tenure Act. At the trial a number of witnesses who were experienced in the administrations of schools expressed the opinion that the senior high school was not a new institution, but was simply a continuation of the old LaGrange High School at a new location. Other experts expressed a different opinion.
The evidence further establishes, however, that during the year 1954, the Calcasieu Parish School Board submitted an application to the State Board of Education for approval of LaGrange Senior High School as a state approved high school. This approval was granted by the State Board of Education on August 27, 1954. During that year, the Calcasieu Parish School Board also authorized the Principal of LaGrange Senior High School to apply to the Southern Association of Colleges and Secondary Schools for recognition, which formal recognition was granted by that association during the month of December, 1954. An application was also submitted to the State Athletic Association for membership in that organization. In response to this application the senior high school was admitted as a probationary member of that association for the 1954-55 session, and this probation was not lifted until the end of that session. It was not necessary to submit any of these applications in behalf of the junior high school. After considering these circumstances, and the fact that students other than those formerly attending the old high school were enrolled in the new institution, we are convinced that the LaGrange Senior High School was a new school and was not merely a continuation of the old LaGrange High School.
Plaintiff further contends that the Calcasieu Parish School Board, "through the subterfuge of abolishment of the office of Principal of LaGrange High School," removed plaintiff from office and reduced his rank, position, status and prestige, in violation of his rights under the Teachers' Tenure *564 Act. We find no merit to this argument. The evidence convinces us that the rapid increase in the number of students in School District No. 22 made it necessary to construct a number of new schools in that area, and that the LaGrange Senior High School was constructed and established to meet that need. Mr. Norton, the Parish Superintendent of Schools, testified that the School Board was putting into effect in Calcasieu Parish a system of junior high schools and senior high schools, with only three grades taught in each such school, and that the changing of the old LaGrange High School, where six grades were taught, to the LaGrange Junior High School, where only three grades are taught, was and is in accordance with that plan. These changes unquestionably were made for that purpose, and there is no evidence to support the argument that the office of Principal of the old LaGrange High School was abolished as a subterfuge to injure plaintiff.
Plaintiff further contends that the position which he now holds as Principal of LaGrange Junior High School is of lower rank, status, position and prestige than that which he formerly held as Principal of the LaGrange High School, and that the action of the School Board in demoting him to this lower position constitutes a removal, in violation of his rights under the Teachers' Tenure Act.
The appellate courts of this state, in interpreting the Teachers' Tenure Act, have consistently held that a permanent teacher cannot be deprived of his previously acquired status and its accompanying emoluments, without cause and without following the procedures set out in that act. State ex rel. McNeal v. Avoyelles Parish School Board, 199 La. 859, 7 So.2d 165; Watts v. Winn Parish School Board, La.App., 66 So.2d 350; State ex rel. Bass v. Vernon Parish School Board, La.App., 1 Cir., 194 So. 74; State ex rel. Kundert v. Jefferson Parish School Board, 191 La. 102, 184 So. 555; State ex rel. Parker v. Vernon Parish School Board, 222 La. 91, 62 So.2d 111; Gassen v. St. Charles Parish School Board, 199 La. 954, 7 So.2d 217; State ex rel. Nobles v. Bienville Parish School Board, 198 La. 688, 4 So.2d 649; Dugas v. Ascension Parish School Board, 228 La. 80, 81 So.2d 817, 819.
In the recent case of Dugas v. Ascension Parish School Board, supra, the Supreme Court used the following language:
"Our view of the Teachers' Tenure Act, is that, whereas a school board has the unquestioned right to abolish in good faith a position occupied by a permanent teacher, it cannot thereby deprive the teacher of his previously acquired status and its accompanying emoluments. State ex rel. Bass v. Vernon Parish School Board, La.App., 194 So. 74; State ex rel. McNeal v. Avoyelles Parish School Board, 199 La. 859, 7 So.2d 165 and Gassen v. St. Charles Parish School Board, 199 La. 954, 7 So.2d 217. An honest discontinuance of his office does not automatically remove a permanent teacher from the school system. He remains therein and should forth with be placed in a position of standing equal to that formerly held, if it be possible. In any event, he is nonetheless entitled to the salary attributable to the status he has attained even though he be re-employed in a position of lesser rank. State ex rel. Parker v. Vernon Parish School Board, 225 La. 297, 72 So.2d 512." (Italics ours.)
We concur with the finding of fact of the Lower Court that the School Board unquestionably acted in good faith in this case, so, if the office of principal of LaGrange High School in fact was abolished, then we conclude that there was an honest discontinuance of that office. Under these circumstances it appears from the language used in the Dugas case that plaintiff is entitled to be placed in a position of standing equal to that formerly held, if it is possible. In any event, he is none the less entitled to the salary attributable to the status he has attained even though he be re-employed in *565 a position of lesser rank. According to the facts in this case plaintiff is receiving more salary now than formerly. Plaintiff contends and we agree with his argument that the position which he now holds as Principal of LaGrange Junior High School is of lower rank, status, position and prestige than that which he formerly held as Principal of the LaGrange High School. We are likewise of the opinion that there is still even higher rank, status, position and prestige in that of Principal of LaGrange Senior High School to that of Principal of LaGrange Junior High School, and conversly there is still even lower rank, status, position and prestige in that of Principal of LaGrange Junior High School to that of Principal of LaGrange Senior High School. Be that as it may, nevertheless, it is our appreciation of the Teachers' Tenure Law, as expressed in the Dugas case, that the School Board has the unquestionable right to abolish in good faith a position occupied by a permanent teacher but it cannot thereby deprive the teacher of his previously acquired status and its accompanying emoluments, and if this bona fide action does take place the School Board is required to place the permanent teacher in a position of standing equal to that formerly held if it is possible, and, that if he is re-employed in a position of lesser rank, he must at least receive his same emoluments. This expression as made in the Dugas case does not say or infer that the School Board must promote or appoint the permanent teacher to a higher rank, status, position and prestige but merely states that they must appoint him to a position of equal standing to that formerly held if it is possible. When the School Board created the new LaGrange Senior High School they appointed Mr. Mims as its Principal, a position of higher rank than that of a principal of an ordinary high school or junior high school. If they had selected the plaintiff herein as the Principal of the new Senior High School they would have been promoting Mr. Verret to a position of higher rank, status, position and prestige than that which he held as principal of a high school or junior high school. It is our findings and firm belief that since the creation of the new LaGrange Senior High School was a bona fide and legitimate creation they had the right to select the principal for that new senior high school of their choice and was not forced to promote Mr. Verret to this new position. They likewise had the right to appoint Mr. Verret as the Principal of LaGrange Junior High School which they did at the same pay that he was receiving. There were no other new high schools built in that particular district that the School Board could appoint Mr. Verret to as principal and for that reason they had no other alternative but to appoint Mr. Verret as Principal of the LaGrange Junior High School at the same rate of pay which they did. Mr. Verret's principle complaint is that he should be appointed as Principal of the new LaGrange Senior High School, and, as hereinabove observed and stated, to comply with that request, it would be forcing the School Board to appoint him to a position of higher rank, status, position and prestige which they decided not to do and which in our opinion they should not be forced to do.
Therefore for the above and foregoing reasons the judgment of the Lower Court will be affirmed.
Judgment affirmed.
FRUGE, Judge (dissenting).
The facts set out in the majority opinion are substantially correct. They rely mainly on their interpretation of the Dugas case (Dugas v. Ascension Parish School Board, 228 La. 80, 81 So.2d 817). My interpretation of that case is at variance with the majority.
My appreciation of the facts as set out in the majority opinion is that the school board did abolish the position held by plaintiff Verret, as principal of a high school in District 22 of Calcasieu Parish. The Dugas case says that the school board has the unquestioned right to abolish in good faith a position occupied by a permanent *566 teacher, but that in doing so, it cannot thereby deprive a teacher of his previously acquired status and its accompanying emoluments. The question of emoluments are not at issue in this case for the reason that plaintiff is still receiving the same salary. The Supreme Court goes further and says that though an honest discontinuance of his office, speaking of the plaintiff, does not automatically remove a permanant teacher from the school system and that he remains therein but that he the plaintiff should forthwith be placed in a position of standing equal to that formerly held if it be possible. When plaintiff Verret was removed as principal of the LaGrange High School it was possible for the school board to place him in a position of equal standing to that formerly held by him. The LaGrange Senior High School principalship was available. It is my humble opinion that he should have been placed in that position if we are to follow the express and unequivocal language of the Supreme Court in the Dugas case, supra. The Dugas case is the latest by the courts involving teacher tenure. My views are in harmony with the jurisprudence. (Italics by author).
The very purpose for which the Teachers' Tenure Act was passed was to protect teachers in their attained positions, since to allow any demotion whatever would ultimately result in driving the teacher from his profession; therefore, any reduction of rank, position, status and prestige constitutes removal from office because it is no longer the identical position attained.
A careful study of the jurisprudence clearly shows the intention of the legislature in passing the Teachers' Tenure Act. Invariably the courts have interpreted the Tenure Act for the protection of the permanent teachers. In the case of State ex rel. Penny v. Rapides Parish School Board, La.App., 1 So.2d 334, the Rapides Parish School Board took the position identical to the position of the Calcasieu Parish School Board in the case at bar, that the school boards throughout the State of Louisiana have the right to make such regulations, decisions and resolutions enforcing them, as they deem proper for the regulation of the schools. The Court, however, denied such right in stating (1 So.2d at page 335):
"This position is not tenable in view of the prevailing legislation dealing with the tenure of teachers. If it were sound the Teacher's Tenure Law could and would, in many cases, be easily circumvented and the laudable purposes, designed to be accomplished by it, set at naught. That statute specifically provides that a permanent teacher shall not be removed from office except upon written charges, sustained by proof, of willful neglect of duty, incompetency or dishonesty."
The Court in the Penny case, after pointing out the requirements of a full hearing and finding of guilty as required by the act, said (1 So.2d at pages 335-336):
"None of these sacramental requirements have been complied with in the present case. Until they have been complied with, relatrix's status as a permanent teacher is unaffected."
The position of the Court in State ex rel. Penny v. Rapides Parish School Board, supra, is affirmed by the decisions in State ex rel. Nobles v. Bienville Parish School Board, 198 La. 688, 4 So.2d 649, and Cassen v. St. Charles Parish School Board, 199 La. 954, 7 So.2d 217.
In the case of State ex rel. Parker v. Vernon Parish School Board, 222 La. 91, 62 So.2d 111, the Supreme Court held that there was a dismissal without compliance with the Tenure Law. It is pertinent here to observe that in so deciding, it did not consider the good faith of defendant in abolishing the position.
On page 114 of 62 So.2d paragraph 3, the Supreme Court said:
"* * * there is now judgment recognizing plaintiff as having been entitled to employment in the position of *567 Supervisor of Classroom Instruction of Vernon Parish, or in a position of like status and equal standing * *."
In the case of Watts v. Winn Parish School Board, La.App., 66 So.2d 350, on page 354 the court after quoting paragraph (2) of LSA-R.S. 17:443, said:
"From reading the entire section it appears that before a school board may either remove a teacher from office or discipline him, he must first be found guilty of one of the three things set forth in the statute. * * *"
The Court at the end of the case report on page 355 of 66 So.2d, said:
"* * * it is now ordered, adjudged and decreed that plaintiff, Miss Jewel Watts, have judgment against defendant Winn Parish School Board decreeing the resolutions of said Board, adopted July 5, 1952, to be null, void and of no force and effect, and ordering that plaintiff be reinstated in her former position as a teacher in the Third Grade in the Winnfield Elementary School. Defendant-appellee to pay such costs as may be legally assessed against it."
In the present case, plaintiff has been in effect removed from office by his removal from the position of a high school principal and demoted to that of a Junior High School principal, all without cause or due proceedings under the Teacher's Tenure Act of this state, as is held by the Courts in the above mentioned suits.
In State ex rel. Parker v. Vernon Parish School Board, supra, interpreting the Teacher's Tenure Act, the Courts have held that abolishment of position is not sufficient grounds for circumventing the laws of this state and removing a permanent teacher from office, as did the Calcasieu Parish School Board in removing plaintiff from office without any charges, hearing, reason, or legal cause, stating that there was no longer any position of principal of LaGrange High School. This rule was reaffirmed in Dugas v. Ascension Parish School Board, 221 La. 618, 60 So.2d 12.
In the recent decision and one in point to the case at bar, Watts v. Winn Parish School Board, supra, the Court held as pointed out hereinabove, that where the teacher or as in the present case, the principal, has his rank, position or status reduced without compliance with LSA-R.S. 17:443, the action of the school board is unlawful and the Court will set it aside and reinstate the affected teacher to the same position.
I respectfully dissent.