LOTTINGER, Judge.
This suit is an appeal from the action of the East Baton Rouge Parish School Board dismissing petitioner, a school teacher, as an employee of the said School Board which is the defendant herein. Petitioner took the appeal to the Lower Court seeking a reversal of the action of the School Board and asking for back pay. The Lower Court upheld the action of the School Board, and the petitioner has taken this appeal.
There is no question but that petitioner was a permanent teacher under the provisions of the Teacher’s Tenure Law which is set forth under LSA-R.S. 17:441 et seq. The record discloses that on August 22, 1957, the Superintendent of the East Baton Rouge Parish School Board filed written charges against petitioner recommending that petitioner be dismissed as a teacher for reasons of incompetency, willful neglect of duty and dishonesty. The said charges included eight specific acts of incompetency, five specific charges of willful neglect of duty and three specific charges of dishonesty. The School Board, at a meeting held on August 22, 1957, adopted a Resolution in which were incorporated the charges as presented by the Superintendent and which Resolution, after setting forth the charges against petitioner, provided that written charges, signed by the Superintendent, be delivered to the petitioner and that he be advised in writing that a hearing will be held on September 16, 1957 to consider the said charges, and further provided that the said meeting would be public or private, at the option of petitioner, and that he may be represented by counsel and present any witnesses in his behalf. A certified copy of this Resolution, signed by the Superintendent, was mailed to petitioner on August 26, 1957, with a letter signed by the Superintendent notifying him of the action of the School Board, and further setting forth the time and date of the meeting called for the purpose of considering the charges.
*252 The petitioner filed answer to the charges, and, on the date set for the hearing, was present, represented by counsel. The hearing consumed several days, at the end of which a Resolution was adopted by the School Board removing petitioner from his office as teacher. A copy of this Resolution of Removal was forwarded petitioner by the Superintendent.
The petitioner took an appeal to the Lower Court. Tlie Lower Court affirmed the decision of the School Board. The petitioner then appealed to the present Court.
The question presented on this appeal is merely one of procedure, and we are not concerned with the merits of the case. The primary question presented by petitioner before this Court is whether or not the procedure as taken by the School Board was in strict compliance with the provisions of the Tenure Law.
Title 17, Section 443 of the LSA-Revised Statutes sets forth the procedure for removal from office of a permanent teacher. The procedure as set forth in said Section provides that written and signed charges of willful neglect of duty, or incompetency, or dishonesty, as well as other charges, must be filed. Said Section further provides that at least fifteen days in advance of the date of the hearing, the School Board shall furnish the teacher with a copy of the written charges. The contention of petitioner before this Court is that no written and signed charges were made against him as provided in the Tenure Law, and furthermore that the School Board failed to furnish him with a copy of the written charges at least fifteen days prior to the time of the hearing.
The Lower Court held that the provisions of the Tenure Law were complied with by the School Board. This decision is substantiated by the record. The record discloses that on August 26, 1957, which was some twenty days prior to the hearing, the Superintendent of the School Board wrote a letter to petitioner advising him of the action taken by the School Board, and, to which letter, he attached a duly certified copy of the Resolution adopted by the School Board in which was outlined the charges against petitioner. By his contention that no signed charges were filed, it appears that petitioner questions the procedure in forwarding him a certified copy of a Resolution. The procedure, as it appears to us, was that the School Board acting as a public body preferred the charges against petitioner. Being a public corporation, we know of no other manner in which the School Board may act except by Resolution or ordinance. Certainly a certified copy of the Resolution, certified to by the signature of the Superintendent, is a compliance with the law. Otherwise, the School Board would be powerless to bring charges against a permanent teacher as is provided in the Tenure Law. Furthermore, we might mention, that Section 443 does not provide that the teacher must be given a signed copy of the charges, it merely provides that the teacher must be furnished “with a copy of the written charges”. There is no contention by the petitioner that the official minutes of the meeting at which the Resolution in question was adopted were not signed by the President and Superintendent of the School Board. It is, therefore, our opinion that the School Board complied with the provisions of Section 443.
In his brief, petitioner questions the action of the School Board in suspending him prior to the hearing. The record reflects that, on August 29, 1957, the School Board adopted a Resolution immediately suspending petitioner from his duties as school teacher pending the outcome of the hearing, which had been set for September 16, 1957. Uptm completion of the hearing, on October 11, 1957, the Resolution was adopted by the School Board discharging petitioner from his duties.
The second paragraph of LSA-R.S. 17:443 provides as follows:
*253 “If a permanent teacher is found guilty by a School Board, after due and legal hearing as provided herein, on charges of wilful neglect of duty, or of incompetency, of dishonesty, and ordered removed from office, or disciplined by the board, *' * (Italics ours)
Under the above quoted provision, the Court in Watts v. Winn Parish School Board, La.App., 66 So.2d 350, held that before a School Board may either remove a teacher from office or discharge him, he must first be found guilty, after a hearing, of one of the three things set forth in the statute.
We concur with the above decision in holding that the School Board had no authority to suspend him prior to the hearing. According to the above recited provision a permanent teacher may not be removed from office, or disciplined by the School Board until he has been found guilty of willful neglect of duty, or of incompetency, or dishonesty after due and legal hearing as provided in the said statute. The suspension of petitioner was a disciplinary action by the Board prior to the hearing, which was unauthorized, and we believe that petitioner is entitled to his full salary up until the actual date of his dismissal, or removal, which was October 11, 1957.
The record discloses that during the year 1956-57 petitioner was employed at an annual salary of $5,100, payable on a ten-month basis of $510 per month. This represented a daily salary of $17. The unauthorized suspension extended from August 29 until October 11, a period of forty-two days, and for which period he is entitled to receive his regular salary of $714.
For the reasons hereinabove assigned, the judgment of the Lower Court is amended so as to award petitioner a judgment against the East Baton Rouge Parish School Board in the amount of $714, with legal interest thereon from date of demand until paid, and as amended, the judgment of the Lower Court is affirmed, all costs of this appeal to be paid by petitioner.
Amended and affirmed.
HERGET, J., recused.