HOOD, Judge
(dissenting).
I respectfully dissent from the opinion rendered by the majority.
The question of whether or not a school board in a dismissal proceeding such as this must confine the hearing to evidence relating to the last assignment held by the teacher is res nova in this State. The majority has concluded that since plaintiff in this suit has served as a teacher in Adult Education for more than a year, he has become a “permanent teacher in Adult Education,” and that no evidence of incom-. petency is admissible or relevant unless it relates to the last position which he held, In my opinion there is no legal or logical] basis for such a conclusion, and I think it violates the spirit and intent of the Teachers’ Tenure Act. Also if the ruling becomes, the established jurisprudence of this State,, it will enable school boards to deliberately-transfer a competent tenured teacher to. a position for which he is not qualified, and. after one year to successfully dismiss him, for incompetency. In such a case the teacher would not be permitted to show that he-had been competent in the position which he formerly held, because evidence relating-to his original position would not be rele--vant.
The evidence establishes that by August-7, 1957, plaintiff had acquired the status of' “permanent teacher of Vocational Agriculture,” and as such he was entitled to a salary-of $511.10 per month. He became so incompetent in that position, however, that; *852 the enrollment of students in his classes dwindled rapidly, and it eventually became necessary for the School Board to completely abolish the position of teacher of Vocational Agriculture in the schools where plaintiff taught. This was done on August 7, 1957. Instead of dismissing plaintiff for incompetency at that time, the School Board, commendably I think, transferred him to a position as teacher in the Adult Education Program, which was the best position available which the Board felt plaintiff was competent to handle. The position to which he was transferred, however, entitled him to a salary of only $245.-00 per month. Plaintiff accepted the new position and he accepted the lower salary for a period of more than nine months following this transfer, but he then filed a suit demanding that he be paid the salary of a teacher of agriculture, although the position which he held called for a much lower rate of pay. It then became apparent to the School Board that either it would have to> continue to pay him the higher salary, although he held a much lesser position, or it would have to formally dismiss plaintiff as a teacher of agriculture. Charges of incompetency accordingly were then filed against plaintiff, and following a hearing on those charges he was formally dismissed. The charges were not filed, however, and the hearing was not held until more than 12 months had elapsed after plaintiff had been transferred to the lower position, and the majority now holds that for that reason neither the Board nor the Court can inquire as to plaintiff’s incompetency as a teacher of Vocational Agriculture, but that the Board must continue to pay him the salary due a teacher of agriculture, although he is incompetent to perform the duties required of such a teacher.
Under the majority ruling, I assume that evidence of plaintiff’s incompetency as a teacher of agriculture would have been admissible if the charges had been filed 11 months after his transfer, but that evidence to that effect is not admissible if charges are filed 12 months thereafter. This does not seem logical to me. Also, under the majority ruling, the School Board will have to pay plaintiff the full salary which he would have received had he worked since December 3, 1958 (a period of almost four years), but it then could immediately reappoint him as a teacher of Vocational Agriculture and permit him to serve in that position for another year, although he has been found incompetent, and then they could successfully dismiss him for incompetency. If plaintiff is reinstated in his former position as a teacher of Vocational Agriculture, a position for which he has been found incompetent but to which the majority holds he must be reinstated at the salary paid such a teacher, he certainly could not consistently protest that the Board is violating his rights under the tenure law by appointing him to a position for which he is not qualified and at the same time take the position that he is a competent tenured teacher of agriculture. If plaintiff must be regarded as a “permanent teacher in Adult Education,” as found by the majority, then it seems to me that he should be entitled to receive only the salary which such a position demands. It is not reasonable to hold that he has achieved the status of a permanent teacher of Adult Education, but that he is entitled to receive the salary of a teacher of Vocational Agriculture.
The jurisprudence of this State has been established to the effect that under the Teachers’ Tenure Act a permanent teacher cannot be deprived of his previously acquired status and its accompanying emoluments, without cause and without following the procedures set out in that act. See Verret v. Calcasieu Parish School Board, La.App. 1 Cir., 103 So.2d 560, and authorities therein cited. In the Verret case the court held that plaintiff was entitled to be placed in “a position of standing equal to that formerly held, if it be possible.” In using these terms I think the courts unquestionably have meant the highest status, rank, position or standing which the teacher has acquired during his employment by the school board.
*853 In the instant suit, the highest status, rank, position or standing which the plaintiff had attained during his employment by the defendant School Board was that of teacher of Vocational Agriculture. The emoluments of that position were substantially more than were those of his later employment in the Adult Education Program, and plaintiff, in fact, alleged in the first suit which he filed that his last employment “is not of equal standard to that of the employment previously held by him as an agriculture teacher in the parish school system.” State ex rel. Hebert v. Lafayette Parish School Board, La.App. 3 Cir., 128 So.2d 783. Under the established jurisprudence of this State, when the position which plaintiff formerly held was abolished, he became entitled to be placed in a position or standing equal to that formerly held, if possible, unless he should be legally removed or dismissed under the provisions of the Teachers’ Tenure Act. I interpret the law to be that the defendant School Board has the right to remove from office or dismiss plaintiff as a permanent teacher if it should be established, in the manner provided in LSA-R.S. 17:443, that he is incompetent to fill a position equal or equivalent to his previously acquired status, rank, position or standing. In this case, plaintiff bases his entire claim for salary and reinstatement on the ground that he has acquired the status, rank, position and standing of a teacher of Vocational Agriculture, and I think the test to be applied in this dismissal proceeding is whether he is incompetent to perform the duties of such a teacher. It seems unjust to me to require the School Board to reinstate plaintiff and to pay him the salary of a teacher of agriculture, and at the same time to deny the Board the right to show that plaintiff is incompetent to hold such a position.
For these reasons I cannot agree with the conclusions reached by the majority that evidence- as to the incompetency of plaintiff to teach must be limited to the position which he was holding at the time charges of incompetency were filed, and in finding that plaintiff in this case could not be dismissed unless it is established that he was incompetent “as a teacher in Adult Education.”
On Application for Rehearing.
En Banc. Rehearing denied.
HOOD and CULPEPPER, JJ., are of the opinion a rehearing should be granted.