## STATE ex rel. BASS v. VERNON PARISH SCHOOL BOARD.

### No. 2070.

Court of Appeal of Louisiana. First Circuit.
March 4, 1940.

Rehearing Denied April 10, 1940.
Writ of Error Refused May 27, 1940.

John R. Hunter & Son, of Alexandria, for appellant.

J. R. Ferguson, of Leesville, for appellee.

DORE, Judge.

George W. Bass, plaintiff herein, alleges that he has been actively engaged as a teacher in the schools of Vernon Parish for the past ten years; that for the past three years he has served as principal of the Pickering High School in said parish; and that he is therefore a permanent and regular teacher of the Parish of Vernon, under the terms of Act No. 58 of 1936 known as the Teachers' Tenure Act; that in August, 1939, the Vernon Parish School Board met, and without preferring charges of any kind and without giving him any hearing, arbitrarily assigned him to the grade school at Leander in the Parish of Vernon at a salary of $100 per month for the session, a reduction of $75 per month from his salary as principal of the Pickering High School during the previous session, which reduction or demotion he contends is in violation of the Tenure Act, supra. He prays for a writ of mandamus compelling the defendant school board to re-employ him for the full school session of 1939-1940 at the identical salary paid him for the 1938-1939 session.

There was filed on behalf of the school board an exception of no cause or right of action, and an answer. The exception was referred to the merits.

The case was submitted on a statement of facts in which it was agreed between counsel for both plaintiff and defendant, (1) that plaintiff has been employed by the school board as alleged; (2) that his salary for 1938-1939 was $175 per month; (3) that the new principal of Pickering High School for the session of 1939-1940 is being paid $175 per month; (4) that plaintiff holds a teacher's certificate and is a duly qualified teacher in the parish; (5) that no written charge or complaint was filed against plaintiff; (6) that plaintiff was assigned to the Leander Grade School at a salary of $100 per month, but that he gave notice of his refusal of such assignment, and made demand for employment for the school term of 1939-1940 at the identical salary paid him during the school term of 1938-1939; (7) that plaintiff is an efficient, competent and worthy school teacher; (8) that, in the event he is entitled to be paid on the basis of $175 per month, he is entitled to recover for the same number of months as other teachers are paid in Vernon Parish; (9) that he has no adequate remedy at law and a mandamus is necessary to protect his rights; and that under these facts the sole issue is whether or not the plaintiff is entitled to be employed for the school

session of 1939-1940 at a salary of $175 per month.

On these stipulated facts, the lower court sustained the exception of no cause or right of action, and rendered judgment in favor of the defendant school board, dismissing plaintiff's suit. The plaintiff has appealed.

The only question involved in this case is whether or not the action of the school board in changing plaintiff's position from one paying $175 per month to one paying $100 per month, without perferring any charges against him, or affording him an opportunity for a hearing, and without any reason being assigned for such demotion, is in conflict with the provisions of the Tenure Act, supra, which reads as follows:

" * * * all teachers presently in the employ of any parish school board, who hold proper certificates, and who have served satisfactorily as teachers in that parish for more than three consecutive years, shall be, and are hereby declared to be, regular and permanent teachers in the employ of the school board of that parish.

"No permanent teacher shall be removed from office except upon written and signed charges of wilful neglect of duty, or of incompetency, or dishonesty, and then only if found guilty after a hearing by the school board of that parish in which the teacher is employed; * * *."

It is clear, under the admitted facts in this case and the provisions of the statute quoted, that plaintiff was a permanent teacher of the parish, and that had the school board discharged him as a teacher in the parish in the same manner in which he was demoted, he would be entitled to reinstatement, and, further, such reinstatement would be at the salary he was earning at the time of his discharge. It is apparent, then, that the lower court (though no written reasons are assigned for the judgment below) did not consider that the reduction or demotion of plaintiff from a teaching position paying $175 per month to another teaching position paying $100 per month amounted to being "removed from office", which conclusion, if correct, places the plaintiff in a worse position than had he been arbitrarily denied employment of any sort as a teacher.

■ We therefore have grave doubts that the Legislature intended the words "removed from office" to mean only deprivation of employment as a school teacher in the parish, and feel that we should determine the true meaning of the law by considering the reason and spirit which caused its confection and induced the Legislature to enact it. See Article 18, Civil Code.

■ Since the question involved herein is res novo in Louisiana, we agree with counsel for plaintiff that the California and New York cases cited by them, to wit: Kennedy v. Board of Education, 82 Cal. 483, 22 P. 1042; Klein v. Board of Education, 1 Cal.2d 706, 37 P.2d 74; People ex rel. Callahan v. Board of Education, 174 N.Y. 169, 66 N.E. 674; Cullen v. Board of Education, 126 Cal.App. 510, 15 P.2d 227, 16 P.2d 272; and Anderson v. Board of Education, 126 Cal.App. 514, 15 P.2d 774, 16 P.2d 272, are applicable in so far as they throw light on the purpose of legislatures in enacting teachers' tenure acts. It is true that the statutes of California and New York are not identical to the statute of this State, but the purpose for which they were enacted is the same; that is, to insure security to teachers in the position, grade or status which they have attained, and not merely to insure them teaching employment.

To hold that the Tenure Act merely guaranteed employment in the teaching profession in the parish would mean, not only that a teacher could be reduced in salary at will by the school board, even from the highest to the lowest salaried position, but also that a teacher could by arbitrary action of the school board be changed from teaching a subject or subjects in which he had specialized for years to the teaching of some entirely unrelated subject or subjects in which he might not even be qualified; and his removal from office could thus be effected indirectly when it admittedly could not be effected directly.

■ From these considerations, we are of the opinion that the word "office" as used in the statute refers not merely to a teaching position in the parish but to the particular type of teaching position or status which the teacher has attained, though not to the identical position, and that the disturbance of the teacher from that attained position or status is a removal from office under the statute.

■ In view of that conclusion, and since it is clearly admitted in the case at bar that the plaintiff was demoted, and hence disturbed from his position or re-

moved from office, arbitrarily and without charges being made or hearing had, we are of the opinion that the judgment below sustaining the exception should be reversed, and that there should now be judgment granting the writ of mandamus prayed for, commanding the Vernon Parish School Board to employ the plaintiff at a salary of $175 per month for the full school term of 1939-1940, and to pay him all back salary due and exigible, and to reinstate him as a regular and permanent teacher in the Parish of Vernon according to his certificate and grade, and it is so ordered.