62 So.2d. 111

**STATE ex rel. PARKER v. VERNON PARISH SCHOOL BOARD.**

No. 40377.

Nov. 10, 1952.

Rehearing Denied Dec. 15, 1952.

John R. Hunter, Jr., Alexandria, for relator-appellant.

J. Reuel Boone, Many, for defendant-appellee.

HAMITER, Justice.

In this proceeding instituted September 21, 1950, plaintiff, F. Kendreth Parker, prayed that the Vernon Parish School Board be commanded "to furnish him employment as a teacher within the meaning of the Teachers' Tenure Law in the position of Supervisor of Class Room Instruction of Vernon Parish, or in a position of like status and equal standing at a salary of $411.20 per month, for a period of ten months." He further prayed that such board be ordered to pay him "the sum of $411.20 per month for a period of ten months, beginning August 28, 1950," together with 5% per annum interest on the monthly payments from their respective maturity dates until paid.

In support of his prayer plaintiff alleged, among other things, that for the school years 1948–1949 and 1949–1950 he performed the duties of Supervisor of Class Room Instruction for the Vernon Parish School Board at the yearly salary (for ten months) of $4,112; that at the beginning of the school session 1950–1951, he offered his services as Supervisor and was advised by defendant's Superintendent that they were not desired for the reason that the position of Supervisor had been abolished; that within the meaning of the Teachers' Tenure Law, LSA–R.S. 17:441 et seq., he is a regular and permanent teacher, or in the alternative a probationary teacher; and that the action of the school board in refusing to employ him for the school year 1950–1951 is contrary to the provisions of the mentioned law.

Although the transcript before us does not contain a copy of an answer or indicate that one was filed, it discloses that defendant appeared and resisted the suit in the district court.

After a hearing of the merits there was judgment rejecting the demands of plaintiff at his costs. This appeal followed.

The trial consisted of the introduction of a written stipulation of counsel, of certain exhibits, and of the brief testimony of four witnesses, from all of which these facts appear to be undisputed. From September, 1934 until November 30, 1941, plaintiff was actively engaged as a teacher in Vernon Parish within the meaning of the Teachers' Tenure Law. On the latter date he was granted a military leave of absence as a regular employee or teacher of the defendant and volunteered in the United States Armed Services. There he served until May 15, 1946 when he was honorably discharged. Following his discharge he attended Louisiana State Uni-

versity under the GI Bill of Rights until August, 1948, working on a Master's Degree in education. For undertaking this work of some two years he did not obtain from the defendant school board an official or a written leave of absence. In September, 1948 he received employment as Supervisor of Class Room Instruction in Vernon Parish. As was required for serving in this position, plaintiff possessed a teacher's certificate (his being valid for life). The employment continued throughout the school years (ten months each) of 1948–1949 and 1949–1950, for which a salary of $4,112 per year was paid, notwithstanding that the position of Supervisor was abolished by a resolution of the school board adopted December 1, 1949. On August 28, 1950, at the beginning of the .school year 1950–1951, plaintiff again offered to defendant his services as Supervisor; but he was informed by the School Superintendent that "his job had been abolished and his services were not desired." Shortly thereafter he made demand on the defendant for employment without success. No recommendation for the dismissal of plaintiff was ever given by the Superintendent of Schools; no charge was brought against him; and he was granted no hearing.

Plaintiff declares that the school board orally consented to and approved his attending Louisiana State University from 1946 to 1948 to work on his Master's Degree, the understanding then being that he would not thereby lose his tenure as a permanent teacher. Defendant, on the other hand, denies this.

It is admitted in the brief filed here on behalf of the school board that at the time of entering the United States Army in 1941 plaintiff was a tenured or permanent teacher in Vernon Parish, within the meaning of the Teachers' Tenure Law, and that such status was unimpaired when he was discharged on May 15, 1946 in view of the military leave of absence that had been granted him. But defendant insists that plaintiff ceased to be a permanent teacher when voluntarily absenting himself from Vernon Parish for two years (while attending Louisiana State University) and by failing to comply with certain statutory provisions which prescribe the terms and conditions for the taking of Sabbatical leave by teachers. And being a nontenured teacher, defendant further maintains, plaintiff was legally discharged on the abolition of the unneeded position of Supervisor occupied by him and which the school board had created originally.

Whether plaintiff was a permanent teacher when the dismissal occurred, as he claims, need not be determined. In his petition he did not ask reinstatement to that status. He prayed, as before shown, merely that defendant be ordered to furnish him employment as Supervisor, or in a position of equal standing, for ten months from August 28, 1950, and to pay him the sum of $411.20 per month for that period. As

a probationary teacher, which at least he was, he is entitled to the relief demanded, his dismissal not having been effected in compliance with the legal requirement therefor respecting probationary teachers.

The word "teacher" as used in the Teachers' Tenure Law "means any employee of any parish or city school board who holds a teacher's certificate and whose legal employment requires such teacher's certificate." LSA–R.S. 17:441. A Supervisor of Class Room Instruction who is required to and does hold a teacher's certificate is a "teacher". Dugas v. Ascension Parish School Board, 221 La. 618, 60 So.2d 12. "Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor." LSA–17:442. This law prescribes for each teacher a probationary term of three years beginning at the date of his first appointment; and it sets forth the method by which the school board may dismiss him during that period of time, a condition precedent for the dismissal being a written recommendation of the Superintendent of Schools accompanied by valid reasons therefor. State ex rel. Nobles v. Bienville Parish School Board, 198 La. 688, 4 So.2d 649 and cases therein cited.

While serving as Supervisor of Class Room Instruction in Vernon Parish for the school years 1948–1949 and 1949–1950 this plaintiff, as aforestated, was at least a probationary teacher. During those two years he possessed, as was required of him, a teacher's certificate. And as a teacher enjoying a probationary status he could not be dismissed at the commencement of the 1950–1951 school year (as was attempted by the defendant school board) except upon the written recommendation of the school superintendent accompanied by valid reasons. The superintendent, as is shown by the stipulation of counsel contained in the record before us, furnished no written recommendation and accompanying reasons; and it follows that plaintiff's dismissal was illegal.

For the reasons assigned the judgment of the district court is reversed and set aside and there is now judgment recognizing plaintiff as having been entitled to employment in the position of Supervisor of Class Room Instruction of Vernon Parish, or in a position of like status and equal standing at a salary of $411.20 per month, for a period of ten months beginning August 28, 1950; and, accordingly, it is ordered that the defendant, Vernon Parish School Board, pay to plaintiff the sum of $411.20 per month for a period of ten months beginning August 28, 1950, togeth-

er with 5% per annum interest on the monthly payments from their respective maturity dates until paid. The defendant shall pay all costs insofar as is permitted by law.