72 So.2d 512

**STATE ex rel. PARKER**

**v.**

**VERNON PARISH SCHOOL BOARD.**

No. 41425.

April 26, 1954.

John R. Hunter, Jr., Alexandria, for relator-appellant.

Stuart S. Kay, Dist. Atty., De Ridder, for respondent.

PONDER, Justice.

In these mandamus proceedings the relator seeks reinstatement as Supervisor of Classroom Instruction or in a position of equal standing and for the recovery of back salary of $411.20 per month for the

entire school year of 1951–1952 and $452.32 per month from September, 1952 through February, 1953. The lower court gave judgment recalling the alternative writ insofar as it commands the respondent to reinstate the relator in the position of Superintendent of Classroom Instruction or in a position of like status and equal standing and maintained the writ insofar as it orders respondent Board to pay relator the back salary due him for the months of September, October, November, December, 1951 and January, 1952 at the rate of $411.20 per month or a total of $2,056 without interest. The relator has appealed.

A similar proceeding brought by the relator against the respondent was entertained by this court sometime ago, see State ex rel. Parker v. Vernon Parish School Board, 222 La. 91, 62 So.2d 111, and we recognized that relator was entitled to employment in the position of Superintendent of Classroom Instruction or a position of like status and equal standing at the same salary he was drawing when his services were terminated and awarded the relator back salary for a period of ten months beginning August 28, 1950 at the rate of $411.20 per month.

The relator seeks in the present suit for a reinstatement and for back salary at the rate of $411.20 per month for the school year 1951–1952 and a salary at the rate of $452.32 per month, the then established rate of pay, for September, October, November, December, 1952 and January and February of 1953 with legal interest thereon until paid.

■ The relator contends that the position he now holds is not comparable to the position of Superintendent of Classroom Instruction. It appears that the position the relator seeks was abolished at the time the relator's services were terminated and that this position has not been re-established. The acceptance of the position as classroom teacher by the relator renders the question moot insofar as the position he now holds being comparable with that of Superintendent of Classroom Instruction.

■ The respondent contends that the relator refused re-employment when approached by the Superintendent of Education and the President of the School Board. It appears that this conversation was very indefinite as to the terms of employment and was made at the time the former lawsuit was pending. No offer was made by the School Board to re-employ the relator at any particular salary or position. It was not until March 4, 1953 that relator was advised by letter that a resolution of the Board authorizing his employment as a classroom teacher at a salary equal to that he had previously drawn had been adopted. Therefore, until this tender was made there could be no refusal on the part of the relator. Such being the case, the relator is entitled to all of the back salary due him until he was re-employed as a classroom teacher in March, 1953. This conclusion must be reached in view of the fact that the relator

was not discharged in accordance with the Teachers Tenure Law. The case of MacLeod v. Hoover, 159 La. 244, 105 So. 305, relied upon by the district court is not applicable for the reason that a definite offer was made in that case.

For the reasons assigned, the judgment of the lower court is amended so as to award the relator back salary for the school year 1951–1952 for the ten month period at the rate of $411.20 per month and back salary from September, 1952 through February, 1953 at the rate of $452.32 per month making a total in all of $6,825.92. All legal costs to be paid by the respondent.