85 So.2d 646 (1956)
Jesse J. VERRET, Plaintiff-Appellant,
v.
CALCASIEU PARISH SCHOOL BOARD, Defendant-Appellee.
No. 4145.
Court of Appeal of Louisiana, First Circuit.
February 3, 1956.
Rehearing Denied March 20, 1956.
Nathan A. Cormie, Lake Charles, for appellant.
Fred C. Selby, Asst. Dist. Atty., Lake Charles, for appellee.
TATE, Judge.
In this action against the Calcasieu Parish School Board plaintiff Verret seeks judgment (1) decreeing null and void a School Board resolution which changed his status from principal of LaGrange High School to principal of LaGrange Junior High School; (2) recognizing his rights as a permanent teacher under the Louisiana Teachers' Tenure Act; and (3) ordering defendant School Board to reinstate Verret as principal of a high school, and particularly as principal of LaGrange Senior High School. Verret appeals from District Court judgment sustaining the School Board's exception of no cause of action.
The controversy's factual basis arises from the School Board's action in separating the former LaGrange High School, of which Verret was principal, into two schools, the LaGrange Senior High School, and the LaGrange Junior High School and naming Verret principal of the latter instead of the former.
*647 The District Court's scholarly opinion contains cogent reasons in support of the judgment rendered by it; but we are unable to consider either them, or the forceful reasons urged by plaintiff-appellant in support of his argument that the aforesaid change of status constituted a removal within the meaning of the Teachers' Tenure Act, LSA-R.S. 17:441-17:500.
Both lines of reasoning involved certain factual assumptions as to rates of pay, location of the respective schools, composition thereof, resulting benefits and advantages as between the principal of a high school and of a junior high school (now and in the future), etc., which are not contained in the record, which consists simply of the petition filed by plaintiff together with certain supporting exhibits, and the exception of no right and cause of action filed by defendant. It is of course too well settled to require citation that all well-pleaded facts in plaintiff's petition are assumed to be true for the purpose of deciding an exception of no cause of action.
Plaintiff's petition contains the following allegations:
"6.
"On April 6, 1954, at a regular meeting of the Calcasieu Parish School Board, that body officially removed your petitioner from his office as Principal of LaGrange High School, the largest Senior High School in Calcasieu Parish, and demoted petitioner to the lower position of that of Principal of a Junior High School; that being, LaGrange Junior High School.

"7.
"Petitioner's demotion and removal from office as mentioned above, was done * * * without prior hearing before said Board or being first found guilty of any neglect, incompetency, or dishonesty. (Italics ours.)

* * * * * *
"13.
"In truth and in fact, the Calcasieu Parish School Board, through the subterfuge of abolishment of the office of Principal of LaGrange High School, removed petitioner from office in violation of Louisiana Revised Statutes of 1950, Title 17, Sections 441-444, all of which act of demoting petitioner to the position of Principal of a Junior High School has reduced his rank, position, status, and prestige, in violation of his rights as a permanent teacher under the Teacher's Tenure Act of this State, and all without due proceedings and justifiable cause under said act.
"14.
"* * * petitioner has been wrongfully demoted and removed from his office, position and status, * * *." (Italics ours.)
While defendant urges that these amount to legal conclusions, we feel that under these allegations testimony would be admissible to show that the transfer to a "lower position" constituted a transfer, for example, to a lower-paid position; or to a virtually inaccessible school with relation to Verret's former duties; or from a particular type of attained teaching position or status, for instance, despite the title consisting of an assignment to teach the first nine grades in a one-room country school transfers which might constitute a "removal" under LSA-R.S. 17:443, prohibiting such removals of permanent teachers except upon written and signed charges, notice, and hearing. See Dugas v. Ascension Parish School Board, 228 La. 80, 81 So.2d 817, and, in reversing earlier District Court judgment sustaining exception of no cause of action, 221 La. 618, 60 So.2d 12; State ex rel. Parker v. Vernon Parish School Board, 222 La. 91, 62 So.2d 111; Gassen v. St. Charles Parish School Board, 199 La. 954, 7 So.2d 217; State ex rel. McNeal v. Avoyelles Parish School Board, 199 La. 859, 7 So.2d 165; State ex rel. Nobles v. Bienville Parish School Board, 198 La. 688, 4 So.2d 649; Watts v. Winn Parish School Board, La.App., 66 So.2d 350, certiorari denied.
*648 As our distinguished predecessor, Judge Hugo Dore, pointed out in a scholarly and forceful opinion in State ex rel. Bass v. Vernon Parish School Board, La. App., 1 Cir., 194 So. 74, certiorari denied, the tenured teacher is protected from disturbance not only by change in salary, but also by transfer to unpleasant duties, or duties not of the "particular type of teaching position or status which the teacher has attained," 194 So. 76. For a school board could thus indirectly accomplish the removal of a tenured teacher from the school system, although unable to do so directly by proven charges.
As to this particular instance before us, we specifically do not hold whether or not the assumed facts argued before us constitute merely a change in duties within the discretion of the School Board, or on the other hand a demotion so as to constitute a removal prohibited under the Teachers' Tenure Act.
In fairness to the District Judge, it should be observed that the primary argument of both parties both in the lower court and before us was directed to the merits and involved certain factual assumptions not before us. Appellant, however, has urged on appeal that in view of the well-pleaded facts of the petition, the exception of no cause of action should not have been sustained, which argument we are unable to disregard.
We are therefore inclined to believe he has alleged a cause of action as principal of a high school, although not necessarily of a "Senior" high school.
For the above and foregoing reasons, the judgment of the District Courts sustaining exception of no cause of action is reversed, and these proceedings are remanded to the District Court for further proceedings according to law. Since defendant-appellee is a public body, costs of this appeal will not be assessed against it; LSA-R.S. 13:4521. All other costs will await final determination of these proceedings.
Reversed and remanded.