TATE, Judge.
This is a suit on an open account for lumber and wood products in the amount of $453.91 sold by plaintiff to defendant from March 25-October 31, 1952. Defendant appeals from judgment in favor of plaintiff as prayed for.
Defendant does not deny receipt of the merchandise in the amount of $453.91 as prayed for; but by reconventional demand in the amount of $790.06 urges that its debt to plaintiff was extinguished by compensation.
“Compensation takes place of course by the mere operation of law, even unknown to the debtors; the two debts are reciprocally extinguished, as soon as they exist simultaneously, to the amount of their respective sums,” Article 2208, LSA-Civil Code. “A claim which would otherwise be lost by prescription may be pleaded successfully in compensation or as an offset against a counterclaim of the creditor, provided the claim so pleaded was not barred by prescription when the counterclaim arose” Oilbelt Motor Co. v. George T. Bishop, Inc., 167 La. 183, 118 So. 881, at page 883. (Italics ours.)
Plaintiff filed a plea of prescription to defendant’s reconventional demand. This plea should be sustained, for the claim pleaded by defendant in compensation was apparently prescribed before the liability arose to plaintiff upon which suit herein was instituted.
In his testimony, defendant Miller complained of two debits against him by plaintiffs, per debit slips dated March 18, 1949, totaling $301.78; and the plaintiff’s alleged nonpayment to Miller of the purchase price of some lumber bought by Miller from one Forbes and shipped on March 4, 1949 to and used by plaintiff. Therefore both these alleged indebtednesses of plaintiff to Miller were extinguished by the three years’ prescription applicable to open accounts, Article 3538, before March 25, 1952, the dáte of the *532 first purchase by defendant Miller in the open account sued upon by defendant herein.
We may further add that defendant did not bear the burden of proving the amounts allegedly due him and claimed by his recon-ventional demand by the vague, uncorroborated, and general testimony of defendant and his bookkeeper that plaintiff was not justified in assessing defendant with these debits for deficiencies in lumber shipped by him to plaintiff’s order, especially in the light of the non-protesting acceptance thereof by defendant when the orders were filled and up until the present suit was filed more than three years later.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed.
Affirmed.