188 So.2d 143 (1966)
STATE ex rel. Louis A. CHARBONNET
v.
JEFFERSON PARISH SCHOOL BOARD et al.
No. 2322.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 1966.
Rehearing Denied July 5, 1966.
*144 Nathan Greenberg, Gilbert P. Cohen, Gretna, for relator-appellee.
John J. Maxwell, Metairie, for defendant-appellant.
Before McBRIDE, YARRUT and CHASEZ, JJ.
YARRUT, Judge.
This is an appeal by the School Board from the judgment of the District Court ordering it to reinstate Relator to the position he held as Principal of the East Jefferson High School, from which position he was removed without formal charges or a hearing. At the time of his removal, Relator had served in the Jefferson Parish School system since 1949.
On February 16, 1966, at a special meeting of the School Board, Relator was removed as Principal of East Jefferson High School. The minutes of the meeting of the School Board disclose Relator was removed solely on the basis of a letter from the Superintendent of Jefferson Parish Schools, recommending his removal from office, without prior notice or hearing.
Relator holds both a Teacher's Certificate from the Louisiana Department of Education, dated June 20, 1940, and a Master's Degree in Education, dated June 23, 1953.
On February 18, 1966, Relator filed this suit to obtain reinstatement as Principal of East Jefferson High School until the School Board has complied with the provisions of the Teacher's Tenure Act, and particularly LSA-R.S. 17:443, relating to a hearing, appropriate written notice, right to confront and cross-examine witnesses, etc., reading as follows:
LSA-R.S. 17:442 provides, inter alia:
"Each teacher shall serve a probationary term of three years to be reckoned from the date of his first appointment in the parish or city in which the teacher is serving his probation. During the probationary term the parish or city school board, as the case may be, may dismiss or discharge any probationary teacher upon the written recommendation of the parish or city superintendent of schools, as the case may be, accompanied by valid reasons therefor."
LSA-R.S. 17:443 provides, inter alia:
"A permanent teacher shall not be removed from office except upon written and signed charges of wilful neglect of duty, or incompetency or dishonesty, or of being a member of or of contributing to any group, organization, movement or corporation that is by law or injunction prohibited from operating in the state of Louisiana, or of advocating or in any manner performing any act toward bringing about integration of the races within the public school system or any public institution of higher learning of the state of Louisiana, and then only if found guilty after a hearing by the school board of the parish or city, as the case may be, which hearing may be private *145 or public, at the option of the teacher. At least fifteen days in advance of the date of the hearing', the school board shall furnish the teacher with a copy of the written charges. The teacher shall have the right to appear before the board with witnesses in his behalf and with counsel of his selection, all of whom shall be heard by the board at the said hearing. Nothing herein contained shall impair the right of appeal to a court of competent jurisdiction."
The District Court ordered the School Board to reinstate Relator as Principal of East Jefferson High School, coupled with a preliminary injunction enjoining it from removing Relator as Principal "until such time as the School Board has complied with the provisions of the Teacher's Tenure Act, and more particularly, the provisions of LSA-R.S. 17:443 requiring a hearing before removal from office," cited supra.
Notwithstanding the above decrees, the School Board met and assigned Relator to the position of Supervisor of Child Welfare and Attendance, without first having rescinded his dismissal from the Office of Principal. Subsequently, on March 23, 1966, the Court made permanent the preliminary injunction.
At the hearing for the permanent injunction, the School Board sought to show that the new position it had offered Relator (Supervisor of Child Welfare and Attendance) was a position of rank, dignity and pay equal to that of Principal of East Jefferson High School.
Relator's record as an employee of the School Board prior to the last appointment is as follows:
1. First employed by the Jefferson Parish School Board as a Junior High School Teacher (1949) at an annual salary of $5,000.00.
2. In September, 1957, appointed Principal of Airline Elementary School, at an annual salary of $7,140.80.
3. In August, 1964, appointed Principal of East Jefferson High School, at an annual salary of $11,123.27.
4. On February 16, 1966, removed as Principal of East Jefferson High School upon recommendation of the Superintendent of Schools, without formal charges and a hearing.
From the School Teacher's Tenure statute, cited supra, Relator's probationary period expired three years after his original appointment in 1949 and, thereafter, he had permanent tenure status subject, under LSA-R.S. 17:443, to removal only for cause and in the manner set forth in the statute. The School Board had no right to remove Relator from his position as Principal without first giving him formal written charges and a hearing, as prescribed by the statute.
While the School Board has the right, ordinarily, to transfer Relator from his position as Principal of East Jefferson High School, to that of Supervisor of Child Welfare and Attendance, alleged to be of equal rank, dignity and compensation, his appointment to such office does not make moot his removal from the position of Principal of East Jefferson High School on the ground of incompetency, since such cause for removal, unless nullified by this Court, would constitute a permanent degrading of Relator and a blot on his record.
Under the circumstances, we must hold that the judgment of the District Court was correct in holding the School Board improperly removed Relator from his position as Principal of East Jefferson High School, but would have the right, after his reinstatement, to transfer him to any position of equal rank, dignity and compensation.
Accordingly, the judgment of the District Court, both on the hearings of the applications for preliminary and permanent injunctions and mandamus, ordering Relator to be restored to his position as Principal of East Jefferson High School, is affirmed *146 until Relator has been afforded a hearing and adequate proof made of the charges of his alleged incompetency or until such charges are officially abandoned. Until such time, Relator is entitled to all the benefits of LSA-R.S. 17:443, the Teacher's Tenure Statute, cited supra, reserving the School Board's right thereafter to transfer Relator to any other position in the Jefferson Parish School System of equal rank, dignity and compensation.
Judgment of the District Court is affirmed; costs in both courts to be taxed as provided by law.
Judgment affirmed.