225 So.2d 131 (1969)
Lucille G. HAYES
v.
ORLEANS PARISH SCHOOL BOARD.
No. 3515.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1969.
Rehearing Denied August 4, 1969.
*132 Fred P. Westenberger, New Orleans, for plaintiff-appellee.
Polack, Rosenberg & Rittenberg, Samuel I. Rosenberg and Franklin V. Endom, Jr., New Orleans, for defendant-appellant.
Before BARNETTE, GARDINER and LeSUEUR, JJ.
LeSUEUR, Judge.
Lucille G. Hayes initiated action for the issuance of a temporary injunction order prohibiting the Orleans Parish School Board from demoting her from the position of Supervisor to that of Consultant. Prior to a hearing, the date set for reassignment passed and she was assigned as a Consultant. Petitioner thereafter requested a reinstatement to her former position and salary *133 as Supervisor. After a trial on the merits, the court granted a judgment in favor of petitioner and respondent appealed.
A major portion of the facts were stipulated to and are essentially as follows:
Petitioner has been an employee of the Orleans Parish Educational system for over twenty years and possesses extremely high qualifications. She was selected by the Orleans Parish School Board to supervise Project Headstart in May 1965, and received personal commendations from Superintendent Dr. Carl J. Dolce for her work in the project. Thereafter, she was selected in February 1966 by the Orleans Parish School Board by competitive appointment to supervise the Teachers' Aide Project, and has been Supervisor of this program during its entire existence until reassigned effective August 26th, 1968. Since May 25th, 1965 to August 26th, 1968, she has worked continuously as a Supervisor, except during the six-month period following the termination of Project Headstart (September 1965 through February 27, 1966), the 43-day period following the initial Teachers' Aide Project (August 29th, 1966 through October 11, 1966), and the 5-day period (August 22nd, 1967 through August 26th, 1967), between the Project Teachers' Aide which terminated August 11, 1967, and the commencement of the Teachers' Aide Project on August 28th, 1967. During these periods, and while awaiting recommencement of the projects mentioned, she served and was paid in the capacity of Consultant. This was due to no reason other than the fact that the projects, of which she was Supervisor, had terminated, or were temporarily awaiting reactivation.
The position of Supervisor with the Orleans Parish School Board and at the level which petitioner occupied was of a twelve-month duration, with one month's vacation, and at a total yearly compensation of $14,484.00 ($1,207.00 per month). The position of Consultant is of a nine-month duration, at a total yearly salary of $9,750.00, paid in ten four-week periods of $975.00 per period.
By letter from the office of Dr. Carl J. Dolce, Superintendent, New Orleans Public Schools, dated July 11th, 1968, petitioner was informed as follows:
"Dear Mrs. Hayes:
"We have attached hereto a Notice of Personnel Action which releases you from your present position as Supervisor of Teacher Aides and reassigns you to your former regular position as Consultant effective August 26, 1968.
"We regret that this action is necessary under the Superintendent's policy which does not authorize any employee under a Federally funded program to, in fact, acquire tenure in the program which is subject annually to cancellation of funds.
 Sincerely,
 (Signed) Alfred B. Hebeisen
 Director of Personnel"
Petitioner contends that said reassignment was not only a reduction in compensation ($14,484.00 per year to $9,750.00 per year), but a reduction in status, rank and dignity, and a lowering of her professional standing and reputation. Petitioner further contends that she is a regular and permanent teacher under LSA-R. S. 17:462 and, as such, is tenured in her position as Supervisor; that her reassignment is a demotion and a "removal from office" within the meaning of LSA-R.S. 17:462; and that such action by the Superintendent was in violation of the provisions of LSA-R.S. 17:462, commonly referred to as the "Teachers' Tenure Act".
The provisions regarding tenure as applicable to petitioner and the provisions regarding the causes and procedure for removal of permanent teachers, are as found in LSA-R.S. 17:461 and 462, the relevant and applicable provisions of which are cited:
"LSA-R.S. 17:461. Probation and tenure of teachers-Orleans Parish:
"All teachers shall serve a probationary term of three years reckoned from the date of appointment in the parish of Orleans, *134 during which term the Orleans Parish school board may dismiss or discharge any such probationary teacher upon the recommendation of the superintendent of public schools for the Parish of Orleans, accompanied by the written reasons therefor.
"Any probationary teacher found unsatisfactory by the Orleans Parish school board at the expiration of the said probationary period, shall be notified in writing by the board that he has been discharged or dismissed; in the absence of such notification, the probationary teacher shall automatically become a regular and permanent teacher in the employ of the Orleans Parish school board; * * *."
"LSA-R.S. 17:462. Permanent teachers; causes for removal; procedure:
"A permanent teacher shall not be removed from office except on written and signed charges of immorality, or of wilfull neglect of duty, or of incompetence, * * *, and then only if found guilty after a hearing by the Orleans Parish school board, which hearing may be private or public, at the option of the teacher. At least ten days in advance of the date of the hearing, the Orleans Parish school board shall furnish the teacher with a copy of the written charges. The teacher shall have the right to appear before the board with witnesses in his behalf, and with counsel of his selection, all of whom shall be heard by the said board at the hearing. * * *"
The counterparts of these statutes for parish or city school teachers in parishes other than Orleans are found in LSA-R.S. 17:441 et seq.
Although we have not found any Supreme Court cases specifically determining whether there is simply an initial three-year probationary period before acquiring tenure as a permanent teacher or whether there is a three-year probationary period for each new level or position attained, this question appears to have been answered in the Courts of Appeal.
The most recent decision on this point is found in the case of State ex rel. DeBarge v. Cameron Parish School Board, 202 So.2d 34 (La.App.3rd Cir. 1967, writs denied). In the DeBarge case, the relator had served with the Parish School system for over three years from the date he was first employed as a teacher in September of 1963, but had only held the position of principal from September, 1965 to April 25, 1967, when he was notified he would not be reemployed as a principal. He thereupon resigned, but withdrew said resignation before its proper acceptance. DeBarge contended that he did not have to serve a three-year probation, that he was permanently tenured as a principal, and that he was not removed from this position in compliance with LSA-R.S. 17:443, requiring cause and a hearing before removal. The court affirmed the decision of the lower court in favor of relator and adopted the written reasons quoted in part below:

"`The precise question with which the Court is presented, then, is whether the relator acquired tenure as a principal at the end of three years from the date that he was first employed by the Cameron Parish School Board in September, 1963, or did he have to serve as principal for the full three years to be entitled to tenure as a permanent teacher in such office.' (Emphasis ours.)
"`In State ex rel. Bass v. Vernon Parish School Board (La.App.), 194 So. 74, it was held that the removal of a principal from such office who had served as such for more than three years, and his assignment as a school teacher without complying with the provisions of the Teachers' Tenure Act for a hearing, was a violation of the statute. Said the Court: "From these considerations, we are of the opinion that the word `office' as used in the statute refers not merely to a teaching position in the parish but to the particular *135 type of teaching position or status which the teacher has attained, though not to the identical position and that the disturbance of the teacher from that attained position or status in (sic) (is) a removal from office under the statute."
"`By way of dictum in State ex rel. Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153, our Supreme Court said in its opinion on rehearing: "While Act 58 of 1936, the Teachers' Tenure Statute, provides for a probationary period of three years before a teacher acquires a permanent status, there is no such provision in the State with reference to the employment of a principal of a school. * * *"
"`This precise question was presented to the court through the facts involved in State ex rel. Charbonnet v. Jefferson Parish School Board (La.App.), 188 So. 2d 143. There the relator was held to be entitled to all the benefits of R.S. 17:443 as a permanent teacher in spite of the fact that he had served as a principal of a high school for only about a year and a half when he was removed without a hearing. He had served as principal of an elementary school at a lesser salary for approximately seven years before this, and he was first employed as a teacher in the parish in 1949. The question of whether the relator there had served three years as principal in order to be entitled to the protection of R.S. 17:443 was discussed at length by the trial judge in his reasons for judgment. However, in affirming the lower court's decision the Fourth Circuit Court of Appeal simply said: "From the School Teachers' Tenure statute, cited supra, Relator's probationary period expired three years after his original appointment in 1949 and, thereafter, he had permanent tenure status subject, under LSA-R.S. 17:443, to removal only for cause and in the manner set forth in the statute. The School Board had no right to remove Relator from his position as Principal without first giving him formal written charges and a hearing, as prescribed by the statute."
* * * * * *
"In view of Charbonnet and the rule long established in our jurisprudence to the effect that after satisfactorily completing a probationary term of three years from date of first appointment in a parish, a teacher cannot be removed from the position or status which he or she has attained, except for cause and after a hearing as provided in the statute, this Court is of the opinion that Mr. De Barge had permanent tenure status as principal at the time he was notified that he would not be reemployed in such capacity and that he could not be removed from such position without compliance with R.S. 17:443.'

* * * * * *"
Based on the foregoing authorities, we find that Mrs. Hayes acquired tenure as Supervisor in the Orleans Parish School system upon her appointment and was not subject to a three-year probationary period as such.
If we disregard for the moment our finding that petitioner acquired tenure as Supervisor and assume arguendo that a probationary period of three years was required before such status could be acquired, respondent's position would still be no better. Petitioner was still a permanent teacher and, as such, could not be removed or dismissed from office without receiving written reasons and without having a hearing since the revised statutes do not state that a permanent teacher loses that permanent status when a new position is attained.
Petitioner did not receive the required written reasons and did not have a hearing to determine her fitness for her position, but instead only received a letter stating that the funds for her position were not available and the position was being eliminated. Petitioner as a permanently tenured teacher cannot be reduced or demoted in status, position, salary, etc. *136 simply because the position she is presently occupying is terminated. This was the ruling in Dugas v. Ascension Parish School Board, 228 La. 80, 81 So.2d 817 (1955). (In the Dugas case the question of tenure in the position dismissed from was not present.) The Ascension Parish School Board in that case, in the interests of economy, abolished the position of Supervisor of Classroom Instruction held by Dugas. It contended that since the discontinuance of plaintiff's position was prompted by the interests of economy, it was not required to prefer written charges to remove him from the school system. The court in that case held:
"Nevertheless, the doctrine that a permanent teacher may be deprived of tenure by bona fide abolition of the position he holds has not been recognized in Louisiana. On the contrary, this court has but recently held to be illegal the dismissal of a probationary teacher by abolition of his position (Supervisor of Classroom Instruction) without compliance with R.S. 17:442, which provides that probationary teachers may not be dismissed except upon written recommendation of the Superintendent of Schools accompanied by valid reasons therefor. See State ex rel. Parker v. Vernon Parish School Board, 222 La. 91, 62 So.2d 111.
"Our view of the Teachers' Tenure Act, is that, whereas a school board has the unquestioned right to abolish in good faith a position occupied by a permanent teacher, it cannot thereby deprive the teacher of his previously acquired status and its accompanying emoluments. State ex rel. Bass v. Vernon Parish School Board, La.App., 194 So. 74; State ex rel. McNeal v. Avoyelles Parish School Board, 199 La. 859, 7 So.2d 165, and Gassen v. St. Charles Parish School Board, 199 La. 954, 7 So.2d 217. An honest discontinuance of his office does not automatically remove a permanent teacher from the school system. He remains therein and should forthwith be placed in a position of standing equal to that formerly held, if it be possible. In any event, he is nonetheless entitled to the salary attributable to the status he has attained even though he be re-employed in a position of lesser rank. State ex rel. Parker v. Vernon Parish School Board, 225 La. 297, 72 So.2d 512."
The School Board claims that Mrs. Hayes could not acquire tenure in her position as Supervisor since she was only in a temporary Federally-funded position and she was, therefore, only a temporary Supervisor and she knew this. There are no indications in the exhibits in the record that Mrs. Hayes' positions were to be temporary as opposed to permanent. While there were indications that the programs she supervised were Federally-funded and dependent on Federal funds and this might indicate to her that the programs were temporary, this would not necessarily be an indication to her that her promotion to Supervisor was also temporary and dependent upon the existence of those programs. There was no evidence showing that Mrs. Hayes was informed that her status depended on these programs but the School Board nevertheless contends she should have known this. Paradoxically, the School Board in its letter of July 11, 1968 to Mrs. Hayes told her she was being released from her supervisory position so that she would not acquire tenure in that position. Thus the School Board released Mrs. Hayes from her supervisory position because she would acquire tenure in that position if she remained, although they also argue that she could not acquire tenure in that position since it was temporary and dependent on Federal funds. These two positions are irreconcilable.
Assuming also for the sake of argument that Mrs. Hayes was only probationary in her position as Supervisor and subject to LSA-R.S. 17:461, the School Board did not comply with the requirements necessary to dismiss or discharge a probationary teacher. Under the provisions of LSA-R.S. 17:461 a probationary teacher must *137 be informed in writing at the end of his probationary period that he has been found unsatisfactory and the Superintendent of Public Schools must recommend his discharge or dismissal accompanied by the written reasons therefor.
Under the Teachers' Tenure Act, it is a "condition precedent" to School Board's right to dismiss a probationary teacher that written recommendation for dismissal must be made by the Superintendent of Schools accompanied with valid reasons therefor. State ex rel. Nobles v. Bienville Parish School Board, 198 La. 688, 4 So.2d 649 (1941).
In State ex rel. Piper v. East Baton Rouge Parish School Board, 213 La. 885, 35 So.2d 804 (1948), the Supreme Court held that under the Teachers' Tenure Act neither a probationary nor a permanent teacher can be discharged without cause.
Under the Teachers' Tenure Statute, a condition precedent to dismissal of probationary teacher by the Parish School Board is a written recommendation thereof by the Parish Superintendent of Schools, accompanied by valid reasons therefor. State ex rel. Parker v. Vernon Parish School Board, 222 La. 91, 62 So.2d 111 (1952).
In the present case Mrs. Hayes received a letter dated July 11, 1968, stating that she would be released from her position as Supervisor of Teacher Aides because of a "Superintendent's policy which does not authorize any employee under a Federally funded program to, in fact, acquire tenure in the program which is subject annually to cancellation of funds". The policy decision of the Superintendent regarding the acquisition of tenure is not a valid reason to demote personnel since the purpose of the Teachers' Tenure Act was to prevent arbitrary rules and regulations in contravention of the Act as provided in § 463. If a teacher were transferred, etc. in order to keep him from acquiring tenure, no teacher would ever acquire tenure and the purpose of the Act would be thwarted.
Although the School Board is not discharging or dismissing Mrs. Hayes, it is still bound by § 462. The Supreme Court has long held that a demotion or transfer to a position that does not enjoy the same rank, status, esteem, salary, etc. is considered within the concepts of "discharge" and "dismissal" and the School Board must take the same procedures and have valid bases for their actions.
In the present case plaintiff was reduced from Supervisor to the lower rank of Consultant with a corresponding decrease in yearly salary of almost $5,000.00. Her appointment to Supervisor had been published and the subsequent demotion would almost certainly affect her future consideration for advancement. The title Supervisor was not used for the head of the Teachers' Aide program for 1968-1969, having the title Coordinator instead, in spite of the fact that the same duties were required. There can be no doubt that petitioner's reassignment was one of lower rank, dignity and status, and therefore a demotion and a removal from office within the provisions of LSA-R.S. 17:462. As was held in the case of State ex rel. Bass v. Vernon Parish School Board, 194 So. 74 (La.App.1940), the word "office" as used in the Teachers' Tenure Act, providing that no permanent teacher shall be removed from office except on written and signed charges, refers not merely to a teaching position in the parish, but to the particular type of teaching position or status which the teacher has attained, though not to identical position, and disturbance of the teacher from that attained position or status is a "removal from office". (Emphasis added.)
The Supreme Court in State ex rel. Rathe v. Jefferson Parish School Board, 206 La. 317, 19 So.2d 153, 160 (1944), commented on demotion as dismissal or removal from office as follows:
"In interpreting the above provisions of the 1936 statute (sic Teachers' Tenure Act), this Court has held that they are *138 applicable to cases where a principal is demoted to a position as a teacher and his salary reduced. State ex rel. McNeal v. Avoyelles Parish School Board, 199 La. 859, 7 So.2d 165 and State ex rel. Nobles v. Bienville Parish School Board, 198 La. 688, 4 So.2d 649."
This does not mean that the School Board cannot transfer teachers. It does mean that when a tenured teacher, principal, etc. is transferred, they must be transferred to a position of equal status, rank, salary, etc. if such is available. If a similar position is not available, they must be transferred to the nearest position but without any loss in salary.
In the case of Aswell v. Jackson Parish School Board, 176 So.2d 741 (La.App.1965), the court held that the Teachers' Tenure Law does not prohibit a School Board from transferring teachers from one position to another, as long as no element of demotion, lowering of professional standing or any reduction of salary is involved. The court there held that the tenure law was violated since the new position to which petitioner had been assigned, although comparable and paying the same salary as his former position, required additional training to be fully qualified, whereas, petitioner was fully qualified for the position that he had formerly held.
The School Board urges two arguments which necessitate comment. The first is that Mrs. Hayes waived her right to acquire tenure as a Supervisor by accepting the temporary Federally-funded positions. We do not find that she waived any rights by laches or prescription because she did not or could not know that her position as Supervisor would only last as long as she was associated with the Federally funded projects and also because we have previously found that she acquired tenure as a Supervisor upon appointment and not after a probationary period. When Mrs. Hayes was returned to a Consultant position previously, she knew that this was for a short period of time until new programs were introduced. This last time she was informed that she was being permanently demoted and immediately took action. Therefore, she had nothing to waive and, if she did, there was not a sufficient time lapse to allow defendant to plead laches or prescription.
The School Board also argues that the amendment of LSA-R.S. 17:444 and 17:463 in 1968 (effective July 31, 1968) to require a three year probationary period in each position of advancement indicated that this had been the intent and requirement of the previous sections. Naturally this legislation was not retroactive and could not affect this action, but defendant nevertheless claims that it is indicative of the law. We find no merit in this argument. It was clearly not the law as found in the Charbonnet and DeBarge cases, supra, which held the opposite. This legislation apparently was enacted to add an additional requirement that had previously been found lacking.
For the foregoing reasons, we find that Mrs. Hayes, after serving an initial probationary period with the Orleans Parish School Board, acquired tenure as a permanent teacher and was not required to serve a three-year probationary term in each new level of promotion attained. Once tenured as a permanent teacher she could be dismissed, discharged, demoted or transferred to a position of lower status, rank, pay, etc. only after being notified in writing of the charges against her and after a hearing on those charges. The only charges that would support action against a permanent teacher are willful neglect of duty, incompetency or immorality, none of which are present or charged in this case.
The judgment of the trial court granting a preliminary injunction prohibiting the Orleans Parish School Board from removing Lucille G. Hayes from the office of Supervisor, without compliance with LSA-R.S. 17:462, is affirmed.
Affirmed.