308 So.2d 382 (1975)
Fred McCOY
v.
TANGIPAHOA PARISH SCHOOL BOARD.
No. 10123.
Court of Appeal of Louisiana, First Circuit.
February 10, 1975.
Rehearing Denied March 10, 1975.
Writ Refused April 24, 1975.
*383 Joseph H. Simpson, Amite, for appellant.
Hobart O. Pardue, Jr., Springfield, for appellee.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
LANDRY, Judge.
Defendant (School Board) appeals from judgment awarding Plaintiff (Appellee), a tenured school teacher, the difference between the salary of a principal and that of *384 a classroom teacher following Appellee's demotion from Principal, Midway Elementary School, Tangipahoa Parish, to classroom teacher upon closure of the school. Appellee has answered the appeal seeking damages for a frivolous appeal. We affirm the judgment declaring Appellee entitled to the difference in pay; we reject Appellee's demand for damages for frivolous appeal.
The facts are virtually undisputed. Appellee is a tenured teacher in the Tangipahoa Parish School System, having been employed therein for more than 17 years. On July 2, 1969, Appellee held the position of Principal, Midway Elementary School, to which post Appellee was appointed eight years and six months previously. Midway School was closed July 2, 1969, pursuant to a Federal Court order rendered in an integration action brought against School Board. Following closure of the school, Appellee was demoted to the status of fourth grade classroom teacher without the benefit of a hearing.
Upon his demotion, Appellee instituted proceedings in the Federal Court seeking reinstatement to the position of principal on the ground that his demotion was illegal in that it was motivated by racial discrimination. In his Federal Court action, Appellee did not seek any decree respecting compensation. On September 2, 1970, judgment was rendered in Appellee's Federal Court action denying Appellee's demand for reinstatement as principal. Appellee's appeal from said adverse judgment is presently pending in the Federal Court system.
This present action was instituted by Appellee on March 19, 1973. The only relief sought by Appellee herein is that he be awarded the difference between the salary of principal and classroom teacher from July, 1969, to the present. On October 2, 1973, in an apparent effort to comply with LSA-R.S. 17:422, Edwin Newman, Superintendent of Schools, Tangipahoa Parish, wrote Henry Dunn, President, Tangipahoa Parish School Board, recommending Appellee's termination as principal, retroactive to July 2, 1969. Newman assigned as reasons for said recommendation, Appellee's lack of the required certificate of eligibility as principal, and also the closing of the Midway School by Federal Court order, which action allegedly abolished Appellee's job as principal.
School Board filed herein Exceptions of Res Judicata, Lis Pendens, No Cause of Action and Prescription of Three Years pursuant to LSA-C.C. art. 3538, all of which were overruled below. The trial court rendered judgment in favor of Appellee in the sum of $12,096.22. On appeal School Board reurges all of its exceptions save that of Lis Pendens. Alternatively, School Board suggests a remand to fix the amount due Appellee because the record does not show with clarity the salary paid principals during the period involved herein.

THE EXCEPTION OF RES JUDICATA
We are in accord with School Board's contention that a final judgment of a Federal Court may form the basis of a plea of Res Judicata in the courts of this state, Harrell v. Rockett, La.App., 65 So.2d 670. It is elementary, however, that an exception of Res Judicata (the authority of the thing adjudged) must be predicated upon a final judgment.
In this instance, it is conceded that the judgment of the United States District Court rejecting Appellee's demand for reinstatement as principal has been appealed by Appellee. Inasmuch as said judgment has been appealed, and consequently is not final because it is not presently executory, it does not constitute the basis of a plea of Res Judicata.

THE EXCEPTION OF NO CAUSE OF ACTION
This exception is based on the premise that Appellee's petition alleged Appellee to *385 be a tenured teacher, whereas Appellee is requesting payment of salary due a principal without alleging that Appellee is a tenured principal.
In disposing of an exception of no cause of action, all well pleaded allegations of plaintiff's petition must be accepted as true. Leatherman et al. v. Parish of East Baton Rouge, La.App., 275 So.2d 806, and authorities therein cited.
Allegations of a petition must be construed liberally in favor of plaintiff in disposing of an exception of no cause of action. LSA-C.C.P. art. 931.
The crucial issue on trial of an exception of no cause of action is whether plaintiff has alleged facts entitling him to relief under any theory, rule of law or statute whatsoever. Consequently, a trial court may consider pertinent statutes and jurisprudence in deciding an exception of no cause of action. Leatherman, above.
We find the allegation that Appellee is a tenured teacher suffices in this instance. Appellee was appointed principal in or about November, 1960. At the time of Appellee's said appointment, our jurisprudence was established to the effect that a teacher having served his initial three year probationary period, acquired tenure which attached to any subsequent position to which he was promoted and which followed him throughout his entire teaching career. See State ex rel. Bass v. Vernon Parish School Board, La.App., 194 So. 74 (1940); Charbonnet v. Jefferson Parish School Board, La.App., 188 So.2d 143 (1966), and Hayes v. Orleans Parish School Board, La.App., 225 So.2d 131 (1969). These same authorities held that once tenure is acquired, it is not necessary for a teacher to serve a three year probationary period in each successive position to which he might be promoted.
We are cognizant that Act 494 of 1968 (effective July 31, 1968) amended LSA-R.S. 14:444, to provide a three year probationary period for each position to which a teacher might be promoted before permanent status may be achieved therein. It seems clear beyond doubt that Act 494 of 1968 was enacted to supercede the Bass, Charbonnet and Hayes decisions, above. However, Act 494 of 1968 is not retroactive. Hayes v. Orleans Parish School Board, above.
Under the circumstances of this case, Appellee's allegation of tenure must be construed to encompass an allegation of tenure in the position which forms the basis of his demand for salary allegedly due.

THE EXCEPTION OF PRESCRIPTION OF THREE YEARS
In urging that Appellee's claims are barred insofar as concerns salary allegedly due for services rendered more than three years prior to filing of this action, School Board relies upon LSA-C.C. art. 3538 which, in pertinent part, reads as follows:
"Art. 3538. The following actions are prescribed by three years:
. . . . . .
That for the salaries of overseers, clerks, secretaries, and of teachers of the sciences who give lessons by the year or quarter."
We have been cited no case which has had occasion to interpret the foregoing codal provision with respect to the claim of a modern day school teacher.
We begin our consideration of the problem by noting that prescriptive laws are in derogation of common rights and therefore must be strictly construed. Pelican State Associates, Inc. v. Winder, 253 La. 697, 219 So.2d 500; Georgia-Pacific Plywood Co. v. Miller, La.App., 94 So.2d 531.
We note, however, Alexander Hamilton Institute v. Morrison, 8 La.App. 226, which held that the three year prescriptive period provided by Article 3538, above, does not apply to a claim for the balance due on a *386 written contract for a mail order correspondence course. We also note Hughes v. Grant Parish School Board, La.App., 145 So. 794, which held that LSA-C.C. art. 3534, which stipulates a period of one year's prescription on the claims of "masters and instructors in the arts and sciences for lessons which they give by the month", does not apply to a teacher who was employed for a term of 8 months.
In this instance, Appellee does not seek compensation as a teacher, but as a principal. Article 3538, relied upon by School Board, makes no mention or reference to principals. It applies to "teachers ... who give lessons by the year or quarter." In this instance, the record shows that, as a principal, Appellee is paid by the year. There is, however, no showing that as a principal, Appellee gives lessons. Moreover, we judicially note that, as a general rule, the primary function of a principal is that of an administrator or executive rather than the giver of lessons.
We hold, therefore, that Article 3538, sought to be invoked by School Board, is inapplicable herein. We further hold that plaintiff's claim for wages of a school principal is subject to the ten year prescriptive period provided for by LSA-C.C. art. 3544, which provides in effect that all personal actions not otherwise provided for, are prescribed by ten years.

APPELLEE'S CLAIM FOR SALARY DIFFERENTIAL
It is conceded that Appellee lacks a master's degree required by law as one of the qualifications of a principal. The record shows that Appellee's appointment as principal was made by the Parish Superintendent with full knowledge that Appellee had acquired only approximately 30 hours credit toward a master's degree which requires approximately 32 hours. It is also conceded that since appointed principal, Appellee has acquired additional hours credit toward his master's degree but, as of the time of trial, lacked approximately three or four hours to obtain said degree.
The School Board contends it could legally remove Appellee from the position of principal without complying with the provisions of LSA-R.S. 17:442 and 443, because Appellee was not qualified to hold the position. Additionally, the School Board argues that Appellee's removal and demotion was necessary because closure of Midway School by Federal Court order abolished Appellee's job. It is also urged that, under the circumstances, Appellee's demotion was a legitimate exercise of the School Board's duty and authority to operate the school system in an economic and efficient manner, as authorized and sanctioned by Palone v. Jefferson Parish School Board, La.App., 297 So.2d 208. Alternatively, School Board maintains that it did comply with LSA-R.S. 17:442 when, on October 2, 1973, Superintendent Dunn wrote the School Board President recommending Appellee's discharge, retroactive to July 2, 1969.
The fact that Appellee lacked the qualification of a master's degree does not necessarily mean he was subject to removal or dismissal without compliance with applicable Sections 442 and 443. We so find because tenure, as such, has nothing whatsoever to do with qualification or competency. The Teachers' Tenure Act protects a tenured teacher from removal, demotion or reduction in pay under any and all circumstances save those specified in the statute. An incompetent or unqualified teacher who has achieved tenure in a given position, may not be removed, demoted or otherwise affected without strict compliance with LSA-R.S. 17-443. State ex rel. Temple v. Vernon Parish School Board, La.App., 178 So. 176; State ex rel. DeBarge v. Cameron Parish School Board, La.App., 202 So.2d 34.
In this instance, it is clear beyond doubt that Appellee achieved permanent status as principal. He was a member of the system for more than three years prior to his appointment as principal. Under authority of the Bass, Charbonnet and Hayes cases, above, he enjoyed tenure as a principal. *387 Assuming, solely for arguments sake, that three years service as principal was required for Appellee to acquire tenure status, it is clear beyond doubt that he had served as principal more than three years prior to his demotion and was therefore tenured in that capacity.
Palone, above, heavily relied upon by School Board, is inapplicable to the case at hand. In essence Palone held that untenured assistant principals could be demoted in a system-wide change designed to promote efficency and reduce operating costs. In Palone, it was found that the action in question was not directed at a single individual, but was comprehensive in nature and constituted a legitimate exercise of the School Board's discretionary executive authority in the operation of the school system.
We find no merit in the argument that compliance with LSA-R.S. 17:442 and 443 was unnecessary because the closure of Midway School by Federal Court order effectively abolished Appellee's position as principal of said school. Being tenured as principal, Appellee was entitled to transfer to some other position of equal dignity and pay. State ex rel. Parker v. Vernon Parish School Board, 225 La. 297, 72 So.2d 512; Hayes v. Orleans Parish School Board, La.App., 225 So.2d 131. If no comparable position were available to Appellee, nevertheless, Appellee was entitled to continuance of pay for the position of principal. Parker and Hayes, above. See also Dantone v. Tangipahoa Parish School Board, La.App., 279 So.2d 779.
Neither do we find the action of the School Board falls within the ambit of Palane, above, in that Appellee's reduction and demotion in pay was a legitimate exercise of the School Board's discretionary executive power. In this instance, Appellee's reduction in pay was not part of a bona fide system-wide plan to achieve economy of operation. The action of which Appellee complains resulted from a Federally ordered school closure decreed in an action brought against the School Board to enforce compliance with integration guidelines laid down by recent Federal decisions designed to achieve racial balance in public schools. The closure did not result from voluntary action on the part of the School Board intended as an economy move. On the contrary, it resulted from the School Board's remission. In our judgment, reduction of a teacher's pay due to a condition created by the School Board's failure to perform its functions according to law would be patently in violation of the Teachers' Tenure Act.
Finally, School Board urges that it complied with Section 442 in that Superintendent Dunn recommended Appellee's demotion in writing on October 2, 1973. We initially respond by observing that Section 442 is inapplicable herein inasmuch as Appellee was tenured at that time. Next, we note that said attempted demotion was clearly illegal insofar as it purported to be retroactive.
We do not mean to imply that Appellee may not be lawfully removed or demoted on grounds of incompetency, ineligibility or for other lawful cause. Neither do we hold that Appellee's salary may not be reduced as the result of a bona fide exercise of the School Board's discretionary executive powers in a situation falling within the ambit of Palone, above. We simply hold that none of said situations have been established in this instance, and that, as a tenured member of the Tangipahoa Parish School System, Appellee's pay was illegally reduced. We do hold, however, that Appellee is entitled to the pay due a principal from July, 1969, including all subsequently accruing raises and increments in principals' salaries until such time as Appellee's rank and/or compensation may be legally reduced.
Despite our admonition in Dantone, above, we are reluctant to award damages for frivolous appeal in this instance. We do so primarily because the record casts some doubt upon Appellee's eligibility as principal. We point out, however, that any *388 further disregard by School Board of the decision in Dantone, above, and the instant case, may well result in the imposition of such damages.
We find no merit in School Board's argument that this matter should be remanded for determination of the amount due Appellee. Predicated upon School Board's salary schedules which appear of record, and in which no error has been shown by School Board, the trial court found that Appellee was entitled to judgment in the sum of $12,096.22, as of April 19, 1974. We find no error in this determination and fail to see that any useful purpose would be served by a remand of this matter.
It is ordered, adjudged and decreed that the judgment of the trial court awarding Appellee judgment in the sum of $12,096.22, be and the same is hereby affirmed and amended to further decree Appellee's entitlement to the salary as principal until such time as Appellee may be legally demoted or his salary reduced according to law; all costs of these proceedings for which School Board may be legally cast, to be paid by School Board.
Amended and affirmed.